This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory
eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

| Approved, SCAO | Original - Court 1st copy - Defendant | 2nd copy - Plaintiff 3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 6th JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | SUMMONS AND COMPLAINT | 2018-162879-CB JUDGE WENDY L. POTTS |

| Court address | Court telephone no. |
|---|---|

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| VARILEASE FINANCE, INC., and VFI KR SPE I LLC | v | MITTERA GROUP c/o Jon Troen 1312 Locust Street, Suite 202 Des Moines, Iowa  50309-2920 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Jay L. Welford (P34471) Derek D. McLeod (P66229) 27777 Franklin Road, Suite 2500 Southfield, MI 48034; 248-351-3000 |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 1/4/2018 | This summons expires 04/05/2018 | Court clerk Lisa Brown |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
- ☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
- ☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
- ☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
- ☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
- ☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Salt Lake City, Utah | Roseland, New Jersey |
| Place where action arose or business conducted |
| Oakland County, Michigan |

| 1/3/18 | |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) **SUMMONS AND COMPLAINT**     MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

<table>
<tr><td>STATE OF MICHIGAN<br>6TH JUDICIAL CIRCUIT<br>COUNTY OF OAKLAND</td><td>NOTICE OF ASSIGNMENT TO THE BUSINESS COURT</td><td>Original – Court<br>CASE NO. 2018-162879-CB<br>JUDGE WENDY L. POTTS</td></tr>
</table>

Court address
1200 N Telegraph Rd    Pontiac, MI  48341

Court telephone no.
248-858-0345

| Plaintiff's name(s), address(es), and telephone number(s) | | Defendant's name(s), address(es), and telephone number(s) |
|---|---|---|
| VARILEASE FINANCE, INC. and<br>VFI KR SPE I LLC | v | EARTHCOLOR, INC., et al |
| Plaintiff's attorney, bar no., address, telephone no., and email address<br>Jay L. Welford (P34471)  jwelford@jaffelaw.com<br>Derek D. McLeod (P66229)  dmcleod@jaffelaw.com<br>27777 Franklin Road, Suite 2500<br>Southfield, MI  48034; 248-351-3000 | | Defendant's attorney, bar no., address, telephone no., and email address |

The ☒ Plaintiff ☐ Defendant requests assignment of the above captioned matter to the Business Court. The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031, MCL 600.8035, and LAO 2013-xx as indicated below. (Check all that apply.)

The case is a qualifying business or commercial dispute as defined by MCL 600.8031(1)(c) as:
- ☒ All of the parties are business enterprises;
- ☐ One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members of a limited liability company or similar business organization, directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships;
- ☐ One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances.

The business or commercial dispute involves:
- ☐ The sale, merger, purchase, combination, dissolution, liquidation, structure, governance, or finances of a business enterprise.
- ☐ Information technology, software, or website development, maintenance or hosting;
- ☐ The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;
- ☒ Contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including, but not limited to, alternative dispute resolution processes prescribed in the agreements;
- ☐ Commercial transactions, including commercial bank transactions;
- ☐ Business or commercial insurance policies; and/or
- ☐ Commercial real property.
- ☐ Other:(Please explain)

| | |
|---|---|
| 1/3/18 | /s/ Jay L. Welford |
| Date | Name |
| | Attorney for: Plaintiffs |

OCBC 01 (10/17) **NOTICE OF ASSIGNMENT TO THE BUSINESS COURT**

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**
**BUSINESS COURT**

VARILEASE FINANCE, INC., and
VFI KR SPE I LLC,

        Plaintiffs,

v.

EARTHCOLOR, INC., MEDIA PRINTING
CORPORATION, EC HOLDCO, INC., EC
SUBCO, INC., BARTON PRESS, INC.,
CEDAR GRAPHICS, INC., EARTH
COLOR HOUSTON, INC., EARTH
COLOR NEW YORK, INC., EARTH
THEBAULT INC., INTERNATIONAL
COLOR SERVICES, INC., EARTHCOLOR
GROUP, LLC, and MITTERA GROUP,

        Defendants.

_____/

2018-162879-CB

Case No. 2018-_____-CB

Hon. JUDGE WENDY L. POTTS

JAFFE RAITT HEUER & WEISS, P.C
By:   Jay L. Welford (P34471)
      Derek D. McLeod (P66229)
*Attorneys for Plaintiffs*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jwelford@jaffelaw.com
dmcleod@jaffelaw.com
_____/

There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged in
this Complaint.

## **COMPLAINT**

    Plaintiffs Varilease Finance, Inc. and VFI KR SPE I LLC, by and through their undersigned

counsel, state for its Complaint as follows:

    1.    Plaintiff Varilease Finance, Inc. ("Varilease") is a Michigan corporation with its

principal place of business in Salt Lake City, Utah. At the time the Master Lease Agreement,

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

defined *infra*, was executed, Varilease conducted business in Oakland County, Michigan.

2. Plaintiff VFI KR SPE I LLC ("VFI KR") is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah. Varilease and VFI KR may sometimes be referred to as "Plaintiffs" and "Lessor".

3. Defendant EarthColor, Inc. ("EarthColor") is a Delaware corporation with its principal place of business in Morris County, New Jersey.

4. Defendant Media Printing Corporation ("Media Printing") is a Florida corporation with its principal place of business of business in Broward County, Florida.

5. Defendant EC Holdco, Inc. ("EC Holdco") is a Delaware corporation with its principal place of business in Morris County, New Jersey.

6. Defendant EC Subco, Inc. ("EC Subco") is a Delaware corporation with its principal place of business in Morris County, New Jersey.

7. Defendant Barton Press, Inc. ("Barton Press") is a Delaware corporation with its principal place of business in Morris County, New Jersey.

8. Defendant Cedar Graphics, Inc. ("Cedar Graphics") is a New York corporation with its principal place of business in Suffolk County, New York.

9. Defendant Earth Color Houston, Inc. ("Earth Color Houston") is a Delaware corporation with its principal place of business in Harris County, Texas.

10. Defendant Earth Color New York, Inc. ("Earth Color N.Y.") is a New York corporation with its principal place of business in Morris County, New Jersey.

11. Defendant Earth Thebault, Inc. ("Earth Thebault") is a New Jersey corporation with its principal place of business in Morris County, New Jersey.

12. Defendant International Color Services Inc. ("International Color") is a Delaware

FILED    Received for Filing    Oakland County Clerk    1/3/2018 4:18 PM

2

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

corporation with its principal place of business in Maricopa County, Arizona.

13.     Defendant EarthColor Group, LLC ("EarthColor Group") is a Delaware limited liability company with its principal place of business in Morris County, New Jersey.

14.     Defendant Mittera Group ("Mittera") is an Iowa corporation with its principal place of business in Des Moines County, Iowa.

15.     Collectively, Defendants EarthColor, Media Printing, EC Holdco, EC Subco, Barton Press, Cedar Graphics, Earth Color Houston, Earth Color N.Y., Earth Thebault, International Color, EarthColor Group, and Mittera shall be referred to as "Defendants".

16.     Collectively, Defendants EC Holdco, EC Subco, Barton Press, Cedar Graphics, Earth Color Houston, Earth Color N.Y., Earth Thebault, International Color, and EarthColor Group shall be referred to as "the Guarantor Defendants".

17.     This is an action for: (a) breach of EarthColor's and Media Printing's (collectively, the "Co-Lessee Defendants" or the "Lessee") obligations under a Master Lease Agreement and the respective Schedules Nos. 03 through 07 thereto (collectively, the "Master Lease Agreement"); (b) breach of a series of Guaranties executed by the Guarantor Defendants, in which the Guarantor Defendants agreed to guarantee the Co-Lessee Defendants' obligations under the Master Lease Agreement; (c) breach of the Master Lease Agreement against Mittera based upon successor liability; (d) common law conversion against Mittera; (e) statutory conversion against Mittera pursuant to MCL 600.2919a(1)(a); (f) specific performance compelling Defendants to assemble and deliver the Equipment to Plaintiffs; (g) foreclosure of a security interest providing a blanket lien on all assets against EarthColor; (h) foreclosure of a security interest providing a blanket lien on all assets against Media Printing; and (i) foreclosure of a security interest on all assets Mittera acquired from EarthColor.

3

18. The Master Lease Agreement and all of the Guaranties, by their terms, are governed by Michigan law and are in Defendants' possession.

19. The amount in controversy exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs, and attorneys' fees.

20. The Court has jurisdiction over this matter pursuant to MCL 600.601, MCL 600.605, and MCL 600.745, and also for the reasons set forth in the below General Allegations.

21. This Complaint involves a business dispute, as defined by MCL 600.8031, and, therefore, meets the statutory requirements for assignment to the Oakland Business Court.

22. Venue is proper in this Court pursuant to MCL 600.745 and MCL 600.1621, among other provisions, including for the reasons set forth in the below General Allegations.

23. In addition, the parties agreed that this Court has jurisdiction and venue pursuant to Section 19(a) of the Master Lease Agreement and Section 9 of each of the Guaranties.

## GENERAL ALLEGATIONS

### The Master Lease Agreement

24. Varilease is in the business of leasing equipment to lessees.

25. On or about May 16, 2013, Varilease entered into the Master Lease Agreement with the Co-Lessee Defendants, pursuant to which the Co-Lessee Defendants leased certain printing and printing-related equipment (the "Equipment"). The specific Equipment leased and the cost of all such Equipment is detailed in a series of lease schedules (numbered 01 through 07) and certain amendments thereto (the "Schedules"). The Schedules, by their express terms, became part of the Master Lease Agreement and are integrated therein.

26. Pursuant to the Master Lease Agreement and the Schedules, the total Equipment cost under the Master Lease Agreements was in excess of $3,500,000.

4

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

27.    After executing the Master Lease Agreement, Varilease assigned the lease and the Schedules to VFI KR SPE.   Co-Lessee Defendants received notice of the assignment and acknowledged (in writing) the assignment for each lease schedule (**Ex A**).

28.    Varilease remained the servicing agent for the Master Lease Agreement.

29.    Schedule Nos. 01 and 02 to the Master Lease Agreement are not at issue in this litigation.

30.    Schedule No. 03 to the Master Lease Agreement, as amended, covered Equipment with a total cost of $495,000.00, had a base term of 36 months, and a commencement date of January 1, 2015. The base monthly rental payments due under Schedule No. 03 were $14,369.85, plus tax.

31.    Schedule No. 04 to the Master Lease Agreement, as amended, covered Equipment with a total cost of $571,764.00, had a base term of 36 months, and a commencement date of July 1, 2015.   The base monthly rental payments under Schedule No. 04 were $16,598.31, plus tax.

32.    Schedule No. 05 to the Master Lease Agreement, as amended, covered Equipment with a total cost of $896,684.00, had a base term of 36 months, and a commencement date of October 1, 2016.   The base monthly rental payments under Schedule No. 05 were $25,636.20, plus tax.

33.    Schedule No. 06 to the Master Lease Agreement, as amended, covered Equipment with a total cost of $612,636.36, had a base term of 36 months, and a commencement date of October 1, 2016.   The base monthly rental payments under Schedule No. 06 were $17,674.56, plus tax.

34.    Schedule No. 07 to the Master Lease Agreement, as amended, covered equipment with a total cost of $283,460.00, had a base term of 36 months, and a commencement date of April

1, 2017.   The base monthly rental payments under Schedule No. 07 were $8,078.61, plus tax.

**The Master Lease Agreement's Relevant Terms**

35.    The introductory paragraph to the Master Lease Agreement states: "For purposes of [this] Agreement, any related Schedules and associated documents, [the Co-Lessee Defendants] agree that each will be jointly and severally liable for the performance of all obligations and bound to all terms and conditions as Lessee . . . ."

36.    Section 2(b) of the Master Lease Agreement states, "during the term of the Lease, in any jurisdiction where the Uniform Commercial Code is in effect, Lessee grants to Lessor a security interest in any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Lessee has any interest and proceeds thereof, and agrees that any security interest created by this Master Agreement secures any and all obligations of Lessee and those of any affiliate of Lessee to Lessor whether now in existence and/or to come into existence."

37.    Section 10(a) of the Master Lease Agreement states: "Lessee acknowledges and understands that Lessor may assign to a successor, financing lender, and/or purchaser (the 'Asignee'), all or any part of the Lessor's right, title, and interest in and to the [Master Lease Agreement] and the Equipment and Lessee hereby consents to such assignment(s)."

38.    In relevant part, Section 6(b) of the Master Lease Agreement states that the Co-Lessee Defendants "will at all times keep the Equipment in [their] sole possession and control."

39.    Section 16(a) of the Master Lease Agreement states that the following shall be deemed "Events of Default" under the Lease: "(iv) Lessee fails to observe or perform any of the other obligations required to be observed by Lessee under the Lease and such failure continues uncured for ten (10) days after the occurrence thereof;" "(v) Lessee or Lessee's guarantor ceases

6

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

doing business as a going concern;" "(vii) Lessee or any guarantor of Lessee shall suffer an adverse change in its financial condition after the date hereof as determined by Lessor in its sole discretion . . . .;" and "(viii) Lessee . . . shall fail to do anything determined by Lessor to be necessary or desirable to effectuate the transaction contemplated by this Master Agreement or to protect Lessor's rights and interest in this Master Agreement and Equipment."

40.      Section 16(b) of the Master Lease Agreement states that "[u]pon the happening of any Event of Default, . . . Lessee . . . shall immediately pay Lessor an amount which is equal to (i) any unpaid amount due on or before Lessor declared the Lease to be in default, plus (ii) as liquidated damages for loss of a bargain and not as a penalty, an amount equal to the Stipulated Loss Value for the Equipment . . . together with interest, as provided herein, plus (iii) all attorney and court costs incurred by Lessor relating to the enforcement of its rights under the Lease."

### The Guaranties

41.      Each of the Guarantor Defendants executed identical forms of Guaranty (the "Guaranties") containing, *inter alia*, the following material terms:

> Guarantor hereby absolutely, unconditionally, and irrevocably guarantees Lessee will fully and promptly pay any payment of rent or other amount due under the Lease and perform all of its obligations under each Lease, including without limitation any payment resulting from Lessee's breach or non-performance thereof. Guarantor agrees that this is an irrevocable, continuing guaranty and that Guarantor shall perform its obligations hereunder notwithstanding any renewal, extension, modification or discharge of any of Lessee's obligations under the Lease.

42.      Each of the Guarantor Defendants also acknowledged that Varilease was "unwilling to enter into one or more Leases with Lessees without Guarantor's unconditional guarantee of all of [Lessee's] obligations under each Lease . . . ."

### Mittera's Acquisition Of EarthColor's Assets

43.      Mittera is a multi-platform print, marketing, and digital media company.

7

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

44.     In late 2017, in a series of press releases, Mittera announced that it had purchased EarthColor's assets.

45.     At approximately the same time, EarthColor informed Varilease, who remained the servicing agent for the Master Lease Agreement, that EarthColor had sold its assets to Mittera and that Earth Color would be a shell company going forward.

### The Breaches Of The Master Lease Agreement

46.     Although the Master Lease Agreement requires the Co-Lessee Defendants to keep the Equipment in their sole possession and custody at all times, they have not done so.

47.     Rather, the Co-Lessee Defendants left the various pieces of Equipment in the locations where they were used prior to Mittera's acquisition of EarthColor's assets, and the Co-Lessee Defendants have permitted Mittera, upon information and belief, to use the Equipment for Mittera's own purposes without any authorization.  In so doing, the Co-Lessee Defendants failed to take necessary steps to protect Plaintiff's rights and interest in the Equipment.

48.     EarthColor, which is now merely a "shell company," has also ceased doing business as a going concern, having sold its assets to Mittera, has experienced an adverse change in its financial condition.

49.     Plaintiffs have notified the Co-Lessee Defendants of the breaches of the Master Lease Agreement and has declared the Co-Lessee Defendants to be in default under the Lease (**Ex B**).

50.     All of the Guarantor Defendants have also failed to honor their obligations under the Guaranties.

### Mittera's Conversion Of The Equipment

51.     Mittera has never had any right to use, control, or possess the Equipment.

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

52.   Rather, the Master Lease Agreement requires the Co-Lessee Defendants to "at all times keep the Equipment in [their] sole possession and control."

53.   Mittera, however, has used the Equipment for a purpose personal to Mittera's own interests, including, but not limited to, its own printing needs without authorization or legal justification.

54.   Mittera's use and possession of the Equipment has deprived Plaintiffs of their rights to the Equipment.

### The Blanket Liens

55.   As previously noted, under the Master Lease Agreement, the Co-Lessee Defendants granted to Plaintiffs "a security interest in any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Lessee has any interest and proceeds thereof, and agree[d] that any security interest created by this Master Agreement secures any and all obligations of Lessee and those of any affiliate of Lessee to Lessor whether now in existence and/or to come into existence."

56.   Consistent with this provision, Plaintiffs have filed UCC Financing Statements concerning EarthColor and Media Printing, which expressly state that the collateral for the Master Lease Agreement and the Equipment leased thereunder includes "[a]ny and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles, and property of any kind wherever located in which Debtor has any interest and proceeds thereof." (Copies of these UCC Financing Statements are attached as **Ex C.**)

57.   All the assets that Mittera acquired from EarthColor remain subject to Plaintiffs' lien.

FILED · Received for Filing · Oakland County Clerk · 1/3/2018 4:18 PM

## COUNT I—BREACH OF CONTRACT – CO-LESSEE DEFENDANTS
### (Breach of the Master Lease Agreement And Schedule Nos. 3 Through 7)

58.     Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

59.     The Master Lease Agreement and all Schedules thereto constitute a valid and binding contract between Plaintiffs and the Co-Lessee Defendants.

60.     Plaintiffs have performed all obligations required of it under the Master Lease Agreement, or such performance has been excused.

61.     The Co-Lessee Defendants have breached the Master Lease Agreement by failing to observe their obligations under the lease to, among other things, "at all times keep the Equipment in [their] sole possession and control."

62.     The Co-Lessee Defendants also breached the Master Lease Agreement by failing to take necessary steps to protect Plaintiff's rights and interest in the Equipment.

63.     Additionally, Defendant EarthColor has breached the Master Lease Agreement by ceasing to do business as a going concern.

64.     Defendant EarthColor has also breached the Master Lease Agreement due to an adverse change in its financial condition following the execution of the Lease.

65.     Plaintiffs have notified the Co-Lessee Defendants of their breaches of the Master Lease Agreement and has declared the Co-Lessee Defendants to be in default under the lease.

66.     Plaintiffs have suffered and continues to suffer damages as a result of the Co-Lessee Defendants' breaches of the Master Lease Agreement.

67.     Pursuant to the terms of the Master Lease Agreement, Plaintiffs are entitled to damages against the Co-Lessee Defendants in the amount of at least $2,375,875.35, which represents the Stipulated Loss Value for the Equipment, plus additional interest, costs, and attorneys' fees.

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

## COUNT II—BREACH OF CONTRACT—GUARANTOR DEFENDANTS
### (Breach of the Guaranties)

68.     Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

69.     As discussed above, the Co-Lessee Defendants have breached their obligations under the Master Lease Agreement and Schedule Nos. 03 through 07 thereto.

70.     Each of the Guarantor Defendants expressly agreed to "absolutely, unconditionally, and irrevocably guarantee[ ] Lessee will . . . perform all of its obligations under each Lease . . . ."

71.     The Co-Lessee Defendants have failed to perform their obligations under the Master Lease Agreement and the Guarantor Defendants have not fulfilled their contractual Guaranties.

72.     Plaintiffs have suffered and continues to suffer damages as a result of the Guarantor Defendants' breaches of the Guaranties.

73.     Pursuant to the terms of the Master Lease Agreement and the Guaranties, Plaintiffs are entitled to damages against the Guarantor Defendants in the amount of at least $2,375,875.35, which represents the Stipulated Loss Value for the Equipment, plus additional interest, costs, and attorneys' fees.

## COUNT III—BREACH OF CONTRACT/SUCCESSOR LIABILITY—MITTERA
### (Liability For The Co-Lessee Defendants' Breaches Of The Master Lease Agreement Based Upon Successor Liability)

74.     Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

75.     Mittera is liable to Plaintiffs under the theory of successor liability for the EarthColor's breaches of the Master Lease Agreement because Mittera impliedly assumed liability for EarthColor's obligations under the lease; the transaction between Mittera and EarthColor amounts to a consolidation or merger; and/or the transfer of EarthColor's assets to Mittera was without consideration and the creditors of EarthColor, including VFI KR SPE, were not provided

11

for.

76.     Pursuant to the terms of the Master Lease Agreement and under the theory of successor liability, Plaintiffs are entitled to damages against Mittera for EarthColor's breaches of the Master Lease Agreement in the amount of at least $2,375,875.35, which represents the Stipulated Loss Value for the Equipment, plus interest, costs, and attorneys' fees.

**COUNT IV—COMMON LAW CONVERSION—MITTERA**
**(Common Law Conversion Of The Equipment)**

77.     Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

78.     The Master Lease Agreement requires the Co-Lessee Defendants to "at all times keep the Equipment in [their] sole possession and control."

79.     Mittera has never had any right to use, control, or possess the Equipment.

80.     Notwithstanding that Mittera has no right to use or possess the Equipment, Mittera has wrongfully exerted dominion over the Equipment in denial of Plaintiffs' rights to the Equipment by using the Equipment without authority to do so.

81.     Mittera's use of the Equipment is a distinct act of dominion wrongfully exerted because Mittera did not have any legal justification for its actions.

82.     As a result of Mittera's wrongful distinct acts of dominion over the Equipment, Plaintiffs have been deprived of the use and possession of the Equipment.

83.     Based upon Mittera's conversion of the Equipment, Plaintiffs are entitled to monetary damages against Mittera in an amount to be proven at trial.

**COUNT V—STATUTORY CONVERSION—MITTERA**
**(Statutory Conversion Of The Equipment Under MCL 600.2919a(1)(a))**

84.     Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

85.     Mittera has never had a right to use, control, or possess the Equipment.

12

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

FILED Received for Filing Oakland County Clerk 1/3/2018 4:18 PM

86. Notwithstanding that Mittera has no right to use or possess the Equipment, Mittera has wrongfully exerted dominion over the Equipment in denial of Plaintiffs' rights to the Equipment by using the Equipment without authority to do so.

87. Mittera's use of the Equipment is a distinct act of dominion wrongfully exerted because Mittera did not have any legal justification for its actions.

88. Moreover, Mittera has employed the Equipment for a purpose personal to Mittera's own interests, including, but not necessarily limited to, its own printing needs.

89. As a result of Mittera's wrongful distinct acts of dominion over the Equipment, Plaintiffs have been deprived of the use and possession of the Equipment.

90. Based upon Mittera's conversion of the Equipment, and pursuant to MCL 600.2919a(1)(a), Plaintiffs are entitled to three times the amount of its actual damages—in excess of $6.9 Million—to be proven at trial, plus costs and reasonable attorneys' fees.

## COUNT VI—SPECIFIC PERFORMANCE

91. Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

92. Pursuant to the Master Lease Agreement and Guaranties, Defendants are required to take certain affirmative steps upon the happening of an Event of Default, including:

    a.    de-install, pack, and return the Equipment to Lessor at such location within the continental United States as shall be designated by Lessor in the same operating order, repair, condition, and appearance as of the date the Equipment was installed, reasonable wear and tear excepted, with all current engineering changes prescribed by the manufacturer of the Equipment or Maintenance Organization incorporated in the Equipment;

    b.    insure the Equipment; and

    c.    pay all storage charges and duties related to the Equipment.

93. Lessor is entitled to specific performance by Defendants of the foregoing duties prescribed by the Master Lease Agreement and Guaranties.

13

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

**COUNT VII—FORECLOSURE OF SECURITY INTEREST—EARTHCOLOR**
**(Foreclosure of Security Interests On All Assets of EarthColor)**

94.     Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

95.     The Master Lease Agreement specifically provides that "during the term of the Lease, in any jurisdiction where the Uniform Commercial Code is in effect, Lessee grants to Lessor a security interest in any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Lessee has any interest and proceeds thereof, and agrees that any security interest created by this Master Agreement secures any and all obligations of Lessee and those of any affiliate of Lessee to Lessor whether now in existence and/or to come into existence."

96.     Consistent with this provision, Plaintiffs have filed UCC Financing Statements concerning EarthColor (**Ex C**), which expressly state that the collateral for the Master Lease Agreement and the Equipment leased thereunder includes "[a]ny and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles, and property of any kind wherever located in which [EarthColor] has any interest and proceeds thereof."

97.     EarthColor has breached of the Master Lease Agreement.

98.     Plaintiffs are therefore entitled to a judgment and decree of foreclosure of their lien against all assets of EarthColor and to enforce its perfected security interest and lien in such assets by taking immediate possession thereof (including any EarthColor assets allegedly transferred to Mittera).

**COUNT VIII—FORECLOSURE OF SECURITY INTEREST—MEDIA PRINTING**
**(Foreclosure of Security Interests On All Assets of Media Printing)**

99.     Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

100.     The Master Lease Agreement specifically provides that "during the term of the

Lease, in any jurisdiction where the Uniform Commercial Code is in effect, Lessee grants to Lessor a security interest in any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Lessee has any interest and proceeds thereof, and agrees that any security interest created by this Master Agreement secures any and all obligations of Lessee and those of any affiliate of Lessee to Lessor whether now in existence and/or to come into existence."

101.    Consistent with this provision, Plaintiffs have filed UCC Financing Statements concerning Media Printing (**Ex C**), which expressly state that the collateral for the Master Lease Agreement and the Equipment leased thereunder includes "[a]ny and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles, and property of any kind wherever located in which [Media Printing] has any interest and proceeds thereof."

102.    Media Printing has breached the Master Lease Agreement.

103.    Plaintiffs are therefore entitled to a judgment and decree of foreclosure of their perfected security interest and lien against all assets of Media Printing and to enforce its security interest in such assets by taking immediate possession thereof (including any Media Printing assets transferred to Mittera).

## COUNT IX—FORECLOSURE OF SECURITY INTEREST—MITTERA
### (Foreclosure of Security Interests On All Assets of Mittera Acquired From EarthColor and/or Media Printing)

104.    Plaintiffs re-allege the previous paragraphs as if fully set forth herein.

105.    The Master Lease Agreement specifically provides that "during the term of the Lease, in any jurisdiction where the Uniform Commercial Code is in effect, Lessee grants to Lessor a security interest in any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Lessee

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

has any interest and proceeds thereof, and agrees that any security interest created by this Master Agreement secures any and all obligations of Lessee and those of any affiliate of Lessee to Lessor whether now in existence and/or to come into existence."

106.    Consistent with this provision, Plaintiffs have filed UCC Financing Statements concerning EarthColor and/or Media Printing (Ex __), which expressly state that the collateral for the Master Lease Agreement and the Equipment leased thereunder includes "[a]ny and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles, and property of any kind wherever located in which [EarthColor] has any interest and proceeds thereof."

107.    The assets Mittera acquired from EarthColor and/or Media Printing remain subject to Plaintiffs' perfected security interest and lien.

108.    Plaintiffs are therefore entitled to a judgment and decree of foreclosure of its lien against all EarthColor and/or Media Printing assets acquired by Mittera and to enforce its security interest in such assets by taking immediate possession thereof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in its favor and grant relief as follows:

A.    For the First, Second, and Third Causes of Action, monetary damages in the amount of at least $2,375,875.35, plus interest, costs, and attorneys' fees.

B.    For the Fourth Cause of Action, monetary damages against Mittera in an amount to be proven at trial.

16

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

C.     For the Fifth Cause of Action, three times the amount of Plaintiffs' actual monetary damages to be proven at trial, plus costs and reasonable attorneys' fees.

D.     For the Sixth Cause of Action, an order and judgment and decree in favor of Plaintiffs and against Defendants requiring Defendants to assemble and deliver the Equipment as required by the Master Lease Agreement and the Guaranties regarding the Equipment.

E.     For the Seventh, Eighth, and Ninth Causes of Action, a judgment and decree of foreclosure of Plaintiffs' lien against all assets of EarthColor and/or Media Printing acquired by Mittera permitting enforcement of Plaintiffs' security interest in such assets by taking immediate possession thereof.

F.     For all attorneys' fees and costs to which Plaintiffs are entitled.

G.     For all pre- and post-judgment interest to which Plaintiffs are entitled.

H.     For such other and further relief as the Court deems just and proper.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, PC

By: /s/ Derek D. McLeod
     Jay L. Welford (P34471)
     Derek D. McLeod (P66229)
*Attorneys for Plaintiffs*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jwelford@jaffelaw.com
dmcleod@jaffelaw.com

Dated: January 3, 2018

17

-and-

MICHAEL BEST & FRIEDRICH, LLP
Richard F. Ensor
*Counsel for Plaintiffs*
6995 South Union Park Center, Suite 100
Salt Lake City, Utah 84047

(will seek temporary admission)

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

3958667.v4

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

# EXHIBIT A

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

January 6, 2015

Earthcolor, Inc.
249 Pomeroy Road
Parsippany, NJ 07054

RE: <u>NOTICE AND ACKNOWLEDGEMENT</u>

This Notice and Acknowledgement is made among VARILEASE FINANCE, INC. (the "Lessor"), VFI KR SPE I LLC (the "Successor Lessor") and EARTHCOLOR, INC. (the "Lessee") concerning Schedule No. 03 dated July 31, 2014, as amended by Amendment No. 1 dated January 6, 2015 (collectively, the "Lease") which incorporates by reference the Master Lease Agreement dated May 16, 2013 between Lessor, Lessee and MEDIA PRINTING CORPORATION (the "Master Agreement") and constitutes a separate lease between Lessor and Lessee.

NOTICE

1.     Lessor hereby notifies Lessee that Lessor has sold and assigned or will sell and assign to Successor Lessor, pursuant to a Purchase Agreement between Lessor and Successor Lessor, all of Lessor's rights under and pursuant to the Lease, commencing with the lease rental due on January 1, 2015 (the "Rent Assignment Date"). Immediately thereafter, Successor Lessor has assigned or will assign its rights under and pursuant to the Lease to Key Equipment Finance Inc., a division of KeyBank National Association, as administrative agent (the "Assignee"). The Original Lessor shall act as servicer (the "Servicer") for all purposes under the Lease, until further notice to the contrary is received by Lessee from Assignee ("Assignee's Notice").

2.     Lessor hereby directs Lessee, and Lessee agrees that, until further notice to the contrary from Servicer to Lessee, Lessee shall pay all lease rentals and any casualty, default or stipulated loss value payments, as applicable, due under the Lease directly to Successor Lessor, on behalf of Assignee, at the following address:

VFI KR SPE I LLC
Lockbox # 6021
P.O. Box 5241
Denver, CO 80217-5241

without abatement, reduction, counterclaim or offset of any kind whatsoever.

LESSEE ACKNOWLEDGEMENT

1.     Lessee acknowledges that: (a) as of and including the Rent Assignment Date thirty-six (36) consecutive lease rentals remain due and payable under the Lease, ending with the lease rental due on December 1, 2017; (b) each such lease rental is due in the amount of $14,369.85, exclusive of applicable taxes, and is payable on the first day of each month during the term of the Lease; (c) the Lease is in full force and effect; and (d) Lessee has executed one original Lease.

2.     Lessee represents: (a) that it has received no prior notice of a sale, transfer, assignment, hypothecation or pledge of the Lease or of the lease rentals or of the equipment leased pursuant to the Lease (the "Equipment"), (b) that Lessee is not in default under the Lease and no event has occurred and is continuing which with the giving of notice or lapse of time or both would constitute an event of default under the Lease, and (c) that the Equipment is located at the address specified in the Lease.

3.     Until such time that Lessee receives Assignee's Notice to the contrary, Servicer shall have all rights to service the Lease, including making any change or modification to the Lease.

4.     Lessee agrees to pay all lease rentals, and any casualty, default or stipulated loss value amounts as directed above.

5.     In the event Lessee receives Assignee's Notice, Lessee agrees to provide to Assignee a copy of any notice given by Lessee to Lessor pursuant to the Lease, until such time, Lessee shall provide all notices to the Servicer.

6.     Lessee acknowledges that Assignee is relying upon this Notice and Acknowledgement and all other documents executed or furnished by Lessee in connection with the Lease.

THE PARTIES HAVE CAUSED THIS NOTICE AND ACKNOWLEDGEMENT TO BE EXECUTED BY THEIR DULY AUTHORIZED OFFICERS AS OF THE DATE FIRST WRITTEN ABOVE.

LESSOR/SERVICER:
VARILEASE FINANCE, INC.

By: _____

Name: Kristy Phillips

Title: Vice President

SUCCESSOR LESSOR:
VFI KR SPE I LLC

By: _____

Name: Kristy Phillips

Title: Vice President

LESSEE:
EARTHCOLOR, INC.

By: _____

Name: Nat Modugno

Title: Chief Financial Officer

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

June 10, 2015

Earthcolor, Inc.
249 Pomeroy Road
Parsippany, NJ 07054

### RE: NOTICE AND ACKNOWLEDGEMENT

 This Notice and Acknowledgement is made among VARILEASE FINANCE, INC. (the "Lessor"), VFI KR SPE 1 LLC (the "Successor Lessor") and EARTHCOLOR, INC. (the "Lessee") concerning Schedule No. 04 dated February 2, 2015, as amended by Amendment No. 1 dated June 10, 2015 (collectively, the "Lease") which incorporates by reference the Lease Agreement dated May 16, 2013 between Lessor, Lessee and MEDIA PRINTING CORPORATION (the "Master Agreement") and constitutes a separate lease between Lessor and Lessee.

### NOTICE

1. Lessor hereby notifies Lessee that Lessor has sold and assigned or will sell and assign to Successor Lessor, pursuant to a Purchase Agreement between Lessor and Successor Lessor, all of Lessor's rights under and pursuant to the Lease, commencing with the lease rental due on July 1, 2015 (the "Rent Assignment Date"). Immediately thereafter, Successor Lessor has assigned or will assign its rights under and pursuant to the Lease to Key Equipment Finance Inc., a division of KeyBank National Association, as administrative agent (the "Assignee"). The Original Lessor shall act as servicer (the "Servicer") for all purposes under the Lease, until further notice to the contrary is received by Lessee from Assignee ("Assignee's Notice").

2. Lessor hereby directs Lessee, and Lessee agrees that, until further notice to the contrary from Servicer to Lessee, Lessee shall pay all lease rentals and any casualty, default or stipulated loss value payments, as applicable, due under the Lease directly to Successor Lessor, on behalf of Assignee, at the following address:

VFI KR SPE 1 LLC
Lockbox # 6021
P.O. Box 5241
Denver, CO 80217-5241

without abatement, reduction, counterclaim or offset of any kind whatsoever.

### LESSEE ACKNOWLEDGEMENT

1. Lessee acknowledges that: (a) as of and including the Rent Assignment Date thirty-six (36) consecutive lease rentals remain due and payable under the Lease, ending with the lease rental due on June 1, 2018; (b) each such lease rental is due in the amount of $16,598.31, exclusive of applicable taxes, and is payable on the first day of each month during the term of the Lease; (c) the Lease is in full force and effect; and (d) Lessee has executed one original Lease.

2. Lessee represents: (a) that it has received no prior notice of a sale, transfer, assignment, hypothecation or pledge of the Lease or of the lease rentals or of the equipment leased pursuant to the Lease (the "Equipment"), (b) that Lessee is not in default under the Lease and no event has occurred and is continuing which with the giving of notice or lapse of time or both would constitute an event of default under the Lease, and (c) that the Equipment is located at the address specified in the Lease.

3. Until such time that Lessee receives Assignee's Notice to the contrary, Servicer shall have all rights to service the Lease, including making any change or modification to the Lease.

4. Lessee agrees to pay all lease rentals, and any casualty, default or stipulated loss value amounts as directed above.

5. In the event Lessee receives Assignee's Notice, Lessee agrees to provide to Assignee a copy of any notice given by Lessee to Lessor pursuant to the Lease, until such time, Lessee shall provide all notices to the Servicer.

6. Lessee acknowledges that Assignee is relying upon this Notice and Acknowledgement and all other documents executed or furnished by Lessee in connection with the Lease.

Page 1 of 2

THE PARTIES HAVE CAUSED THIS NOTICE AND ACKNOWLEDGEMENT TO BE EXECUTED BY THEIR DULY AUTHORIZED OFFICERS AS OF THE DATE FIRST WRITTEN ABOVE.

LESSOR/SERVICER:
VARILEASE FINANCE, INC.

By: _____

Name: Kristy Phillips

Title: Vice President

SUCCESSOR LESSOR:
VFI KR SPE I LLC

By: _____

Name: Kristy Phillips

Title: Vice President

LESSEE:
EARTHCOLOR, INC.

By: _____

Name: Nat Modugno

Title: Chief Financial Officer

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

October 4, 2016

Earthcolor, Inc. and Media Printing Corporation
249 Pomeroy Road
Parsippany, NJ 07054

RE: NOTICE AND ACKNOWLEDGEMENT

This Notice and Acknowledgement is made among VARILEASE FINANCE, INC. (the "Lessor"), VFJ KR SPE I LLC (the "Successor Lessor"), EARTHCOLOR, INC. ("Co-Lessee") and MEDIA PRINTING CORPORATION ("Co-Lessee") (Co-Lessee hereinafter referred to collectively as the "Lessee") concerning Schedule No. 05 dated March 22, 2016, as amended by Amendment No. 1 dated September 6, 2016 and Amendment No. 2 dated October 4, 2016 (collectively, the "Lease") which incorporates by reference the Master Lease Agreement dated May 16, 2013 between Lessor and Lessee.

NOTICE

1.  Lessor hereby notifies Lessee that Lessor has sold and assigned or will sell and assign to Successor Lessor, pursuant to a Purchase Agreement between Lessor and Successor Lessor, all of Lessor's rights under and pursuant to the Lease, commencing with the lease rental due on October 1, 2016 (the "Rent Assignment Date"). Immediately thereafter, Successor Lessor has assigned or will assign its rights under and pursuant to the Lease to Key Equipment Finance Inc., a division of KeyBank National Association, as administrative agent (the "Assignee"). The Original Lessor shall act as servicer (the "Servicer") for all purposes under the Lease, until further notice to the contrary is received by Lessee from Assignee ("Assignee's Notice").

2.  Lessor hereby directs Lessee, and Lessee agrees that, until further notice to the contrary from Servicer to Lessee, Lessee shall pay all lease rentals and any casualty, default or stipulated loss value payments, as applicable, due under the Lease on and after the Rent Assignment Date directly to Successor Lessor, on behalf of Assignee, at the following address:

VFI KR SPE I LLC
Lockbox # 6021
P.O. Box 5241
Denver, CO 80217-5241

without abatement, reduction, counterclaim or offset of any kind whatsoever.

LESSEE ACKNOWLEDGEMENT

1.  Lessee acknowledges that: (a) as of and including the Rent Assignment Date thirty-six (36) consecutive lease rentals remain due and payable under the Lease, ending with the lease rental due on September 1, 2019; (b) each such lease rental is due in the amount of $25,636.20, exclusive of applicable taxes, and is payable on the first day of each month during the term of the Lease; (c) the Lease is in full force and effect; and (d) Lessee has executed one original Lease.

2.  Lessee represents: (a) that it has received no prior notice of a sale, transfer, assignment, hypothecation or pledge of the Lease or of the lease rentals or of the equipment leased pursuant to the Lease (the "Equipment"), (b) that Lessee is not in default under the Lease and no event has occurred and is continuing which with the giving of notice or lapse of time or both would constitute an event of default under the Lease, and (c) that the Equipment is located at the address specified in the Lease.

3.  Until such time that Lessee receives Assignee's Notice to the contrary, Servicer shall have all rights to service the Lease, including making any change or modification to the Lease.

4.  Lessee agrees to pay all lease rentals, and any casualty, default or stipulated loss value amounts as directed above.

5.  In the event Lessee receives Assignee's Notice, Lessee agrees to provide to Assignee a copy of any notice given by Lessee to Lessor pursuant to the Lease, until such time, Lessee shall provide all notices to the Servicer.

6.  Lessee acknowledges that Assignee is relying upon this Notice and Acknowledgement and all other documents executed or furnished by Lessee in connection with the Lease.

FILED    Received for Filing    Oakland County Clerk    1/3/2018 4:18 PM

THE PARTIES HAVE CAUSED THIS NOTICE AND ACKNOWLEDGEMENT TO BE EXECUTED BY THEIR DULY AUTHORIZED OFFICERS AS OF THE DATE FIRST WRITTEN ABOVE.

LESSOR/SERVICER:
VARILEASE FINANCE, INC.

By: _____

Name: Kristy Phillips

Title: Vice President

CO-LESSEE:
EARTHCOLOR, INC.

By: _____

Name: Nat Modugno

Title: Chief Financial Officer

SUCCESSOR LESSOR:
VFI KR SPE I LLC

By: _____

Name: Kristy Phillips

Title: Vice President

CO-LESSEE:
MEDIA PRINTING CORPORATION

By: _____

Name: Nat Modugno

Title: Assistant Secretary

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

October 4, 2016

Earthcolor, Inc.
249 Pomeroy Road
Parsippany, NJ 07054

### RE: NOTICE AND ACKNOWLEDGEMENT

This Notice and Acknowledgement is made among VARILEASE FINANCE, INC. (the "Lessor"), VFI KR SPE I LLC (the "Successor Lessor") and EARTHCOLOR, INC. (the "Lessee") concerning Schedule No. 06 dated July 13, 2016, as amended by Amendment No. 1 dated July 22, 2016 and Amendment No. 2 dated October 4, 2016 (collectively, the "Lease") which incorporates by reference the Master Lease Agreement dated May 16, 2013 between Lessor, Lessee and MEDIA PRINTING CORPORATION (the "Master Agreement") and constitutes a separate lease between Lessor and Lessee.

#### NOTICE

1.  Lessor hereby notifies Lessee that Lessor has sold and assigned or will sell and assign to Successor Lessor, pursuant to a Purchase Agreement between Lessor and Successor Lessor, all of Lessor's rights under and pursuant to the Lease, commencing with the lease rental due on October 1, 2016 (the "Rent Assignment Date"). Immediately thereafter, Successor Lessor has assigned or will assign its rights under and pursuant to the Lease to Key Equipment Finance Inc., a division of KeyBank National Association, as administrative agent (the "Assignee"). The Original Lessor shall act as servicer (the "Servicer") for all purposes under the Lease, until further notice to the contrary is received by Lessee from Assignee ("Assignee's Notice").

2.  Lessor hereby directs Lessee, and Lessee agrees that, until further notice to the contrary from Servicer to Lessee, Lessee shall pay all lease rentals and any casualty, default or stipulated loss value payments, as applicable, due under the Lease on and after the Rent Assignment Date directly to Successor Lessor, on behalf of Assignee, at the following address:

VFI KR SPE I LLC
Lockbox # 6021
P.O. Box 5241
Denver, CO 80217-5241

without abatement, reduction, counterclaim or offset of any kind whatsoever.

#### LESSEE ACKNOWLEDGEMENT

1.  Lessee acknowledges that: (a) as of and including the Rent Assignment Date thirty-six (36) consecutive lease rentals remain due and payable under the Lease, ending with the lease rental due on September 1, 2019; (b) each such lease rental is due in the amount of $17,674.56, exclusive of applicable taxes, and is payable on the first day of each month during the term of the Lease; (c) the Lease is in full force and effect; and (d) Lessee has executed one original Lease.

2.  Lessee represents: (a) that it has received no prior notice of a sale, transfer, assignment, hypothecation or pledge of the Lease or of the lease rentals or of the equipment leased pursuant to the Lease (the "Equipment"), (b) that Lessee is not in default under the Lease and no event has occurred and is continuing which with the giving of notice or lapse of time or both would constitute an event of default under the Lease, and (c) that the Equipment is located at the address specified in the Lease.

3.  Until such time that Lessee receives Assignee's Notice to the contrary, Servicer shall have all rights to service the Lease, including making any change or modification to the Lease.

4.  Lessee agrees to pay all lease rentals, and any casualty, default or stipulated loss value amounts as directed above.

5.  In the event Lessee receives Assignee's Notice, Lessee agrees to provide to Assignee a copy of any notice given by Lessee to Lessor pursuant to the Lease, until such time, Lessee shall provide all notices to the Servicer.

6.  Lessee acknowledges that Assignee is relying upon this Notice and Acknowledgement and all other documents executed or furnished by Lessee in connection with the Lease.

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

THE PARTIES HAVE CAUSED THIS NOTICE AND ACKNOWLEDGEMENT TO BE EXECUTED BY THEIR DULY AUTHORIZED OFFICERS AS OF THE DATE FIRST WRITTEN ABOVE.

LESSOR/SERVICER:
VARILEASE FINANCE, INC.

By: _____

Name: Kristy Phillips

Title: Vice President

SUCCESSOR LESSOR:
VFI KR SPE I LLC

By: _____

Name: Kristy Phillips

Title: Vice President

LESSEE:
EARTHCOLOR, INC.

By: _____

Name: Nat Modugno

Title: Chief Financial Officer

Page 2 of 2

FILED    Received for Filing.    Oakland County Clerk    1/3/2018 4:18 PM

March 27, 2017

Earthcolor, Inc.
249 Pomeroy Road
Parsippany, NJ 07054

RE: <u>NOTICE AND ACKNOWLEDGEMENT</u>

This Notice and Acknowledgement is made among VARILEASE FINANCE, INC. (the "Lessor"), VFI KR SPE I LLC (the "Successor Lessor") and EARTHCOLOR, INC. (the "Lessee") concerning Schedule No. 07 dated December 5, 2016, as amended by Amendment No. 1 dated January 25, 2017 and Amendment No. 2 dated March 27, 2017 (collectively, the "Lease") which incorporates by reference the Master Lease Agreement dated May 16, 2013 between Lessor, Lessee and MEDIA PRINTING CORPORATION (the "Master Agreement") and constitutes a separate lease between Lessor and Lessee.

NOTICE

1.   Lessor hereby notifies Lessee that Lessor has sold and assigned or will sell and assign to Successor Lessor, pursuant to a Purchase Agreement between Lessor and Successor Lessor, all of Lessor's rights under and pursuant to the Lease, commencing with the lease rental due on April 1, 2017 (the "Rent Assignment Date"). Immediately thereafter, Successor Lessor has assigned or will assign its rights under and pursuant to the Lease to Key Equipment Finance Inc., a division of KeyBank National Association, as administrative agent (the "Assignee"). The Original Lessor shall act as servicer (the "Servicer") for all purposes under the Lease, until further notice to the contrary is received by Lessee from Assignee ("Assignee's Notice").

2.   Lessor hereby directs Lessee, and Lessee agrees that, until further notice to the contrary from Servicer to Lessee, Lessee shall pay all lease rentals and any casualty, default or stipulated loss value payments, as applicable, due under the Lease directly to Successor Lessor, on behalf of Assignee, at the following address:

VFI KR SPE I LLC
Lockbox # 6021
P.O. Box 5241
Denver, CO 80217-5241

without abatement, reduction, counterclaim or offset of any kind whatsoever.

LESSEE ACKNOWLEDGEMENT

1.   Lessee acknowledges that: (a) as of and including the Rent Assignment Date thirty-six (36) consecutive lease rentals remain due and payable under the Lease, ending with the lease rental due on March 1, 2020; (b) each such lease rental is due in the amount of $8,328.05, exclusive of applicable taxes, and is payable on the first day of each month during the term of the Lease; (c) the Lease is in full force and effect; and (d) Lessee has executed one original Lease.

2.   Lessee represents: (a) that it has received no prior notice of a sale, transfer, assignment, hypothecation or pledge of the Lease or of the lease rentals or of the equipment leased pursuant to the Lease (the "Equipment"), (b) that Lessee is not in default under the Lease and no event has occurred and is continuing which with the giving of notice or lapse of time or both would constitute an event of default under the Lease, and (c) that the Equipment is located at the address specified in the Lease.

3.   Until such time that Lessee receives Assignee's Notice to the contrary, Servicer shall have all rights to service the Lease, including making any change or modification to the Lease.

4.   Lessee agrees to pay all lease rentals, and any casualty, default or stipulated loss value amounts as directed above.

5.   In the event Lessee receives Assignee's Notice, Lessee agrees to provide to Assignee a copy of any notice given by Lessee to Lessor pursuant to the Lease, until such time, Lessee shall provide all notices to the Servicer.

6.   Lessee acknowledges that Assignee is relying upon this Notice and Acknowledgement and all other documents executed or furnished by Lessee in connection with the Lease.

THE PARTIES HAVE CAUSED THIS NOTICE AND ACKNOWLEDGEMENT TO BE EXECUTED BY THEIR DULY AUTHORIZED OFFICERS AS OF THE DATE FIRST WRITTEN ABOVE.

LESSOR/SERVICER:
VARILEASE FINANCE, INC.

By: _____

Name: Kristy Phillips

Title: Vice President

LESSEE:
EARTHCOLOR, INC.

By: _____

Name: Nat Modugno

Title: Chief Financial Officer

SUCCESSOR LESSOR:
VFI KR SPE J LLC

By: _____

Name: Kristy Phillips

Title: Vice President

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

# EXHIBIT B



Michael Best & Friedrich LLP
Attorneys at Law
Richard F. Ensor
T 801.833.0506
E rfensor@michaelbest.com

December 28, 2017

**VIA OVERNIGHT FEDERAL EXPRESS
AND CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**

To Whom It May Concern
EarthColor Inc.
249 Pomeroy Road
Parsippany, New Jersey 07054-3727

To Whom It May Concern
Media Printing Corp.
4300 North Powerline Road
Pompano Beach, Florida 33073-3071

Re:   *Master Lease and Lease Schedules Nos. 3-7 With EarthColor and Media
       Printing*

Dear Sir/Madam:

I am outside counsel for Varilease Finance Inc. and VFI KR SPE I (hereinafter
"Varilease"). I am writing in regard to the master lease dated May 16, 2013 with Earth Color
and Media Printing and the lease schedules related thereto (hereinafter "the Lease"). Please be
advised that Earth Color and Media Printing have breached the Lease's terms and undertaken
acts resulting in "events of default" as that term is defined in Lease Section 16, including
(among other defaults) EarthColor's and Media Printing's ceasing to do business as a going
concern, EarthColor's and Media Printing's transfer of all assets to Mittera, the adverse change
to EarthColor's and Media Printing's financial condition, and their failure to keep the leased
equipment in their sole possession and control. As a result, Varilease hereby declares the
Lease in default and will pursue its remedies under Section 16(b) as well as remedies provided
by law or in equity.

Please let me know any questions regarding the above. Varilease is not waiving (and is
not intending to waive) any rights under the Lease or at law and equity and hereby reserves all
such rights. Best regards.

Sincerely,

MICHAEL BEST & FRIEDRICH LLP

Richard F. Ensor /KR

Richard F. Ensor

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

cc:    Thomas L. Slaughter (via certified mail return receipt requested)
The Mittera Group
1312 Locust Street, Suite 202
Des Moines, Iowa 50309-2920

EC Holdco, Inc. (via certified mail return receipt requested)
249 Pomeroy Road
Parsippany, New Jersey 07054-3727

EC Subco, Inc. (via certified mail return receipt requested)
249 Pomeroy Road
Parsippany, New Jersey 07054-3727

Barton Press, Inc. (via certified mail return receipt requested)
249 Pomeroy Road
Parsippany, New Jersey 07054-3727

Cedar Graphics, Inc. (via certified mail return receipt requested)
1700 Ocean Avenue
Ronkonkoma, New York 11779-6570

Earth Color Houston, Inc. (via certified mail return receipt requested)
7021 Portwest Drive
Houston, Texas 77024-8029

Earth Color New York, Inc. (via certified mail return receipt requested)
249 Pomeroy Road
Parsippany, New Jersey 07054-3727

Earth Thebault, Inc. (via certified mail return receipt requested)
249 Pomeroy Road
Parsippany, New Jersey 07054-3727

International Color Services, Inc. (via certified mail return receipt requested)
15550 North 84th Street
Scottsdale, Arizona 85260-1836

EarthColor Group, LLC (via certified mail return receipt requested)
249 Pomeroy Road
Parsippany, New Jersey 07054-3727

EarthColor Inc. (via certified mail return receipt requested)
c/o Jeffery Shapiro
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068-1740

Media Printing Corp. (via certified mail return receipt requested)
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301-2525

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

FILED · Received for Filing · Oakland County Clerk   1/3/2018 4:18 PM

# EXHIBIT C

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
CSC 800-658-5294

B. E-MAIL CONTACT AT FILER (optional)
FILINGDEPT@CSCINFO.COM

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

801 ADLAI STEVENSON DR [114621270]
SPRINGFIELD, IL 62703

US

Delaware Department of State
U.C.C. Filing Section
Filed: 03:40 PM 04/14/2016
U.C.C. Initial Filing No: 2016 2213807

Service Request No: 20162299938

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| EARTHCOLOR, INC. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 249 POMEROY ROAD | PARSIPPANY | NJ | 07054 | US |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VPF KR DEN I LLC | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 6340 SOUTH 3000 EAST, SUITE 400 | SALT LAKE CITY | UT | 84121 | US |

4. COLLATERAL: This financing statement covers the following collateral:
Any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Debtor has any interest and proceeds thereof.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)  ☐ being administered by a Decedent's Personal Representative
6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
ERTHC005

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)          International Association of Commercial Administrators

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

## STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**

Corporation Service Company   1-800-858-5294

**B. SEND ACKNOWLEDGEMENT TO:**

Name   76119441 - 369420

Address   Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

City/State/Zip

FLORIDA SECURED TRANSACTION REGISTRY

# FILED

2013 May 17 04:08 PM

****** 201309054248 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names**

| 1a. ORGANIZATION'S NAME | Media Printing Corporation | | | | |
|---|---|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS 4300 N Powerline Road | | CITY Broward | STATE FL | POSTAL CODE 33073 | COUNTRY USA |
| 1d. TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION FL | 1g. ORGANIZATIONAL ID# 546763 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names**

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID# | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)– INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)**

| 3a. ORGANIZATION'S NAME | VFI-SPV IX, Corp. | | | | |
|---|---|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS 6340 South 3000 East, Suite 400 | | CITY Salt Lake City | STATE UT | POSTAL CODE 84121 | COUNTRY USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the equipment, software and personal property pursuant to Schedule No. 01, as it incorporates the terms and conditions of a Master Lease Agreement between Varilease Finance, Inc. and Lessee. The equipment, software and personal property include all additions, alterations, accessions and modifications thereto and replacements of any part thereof, and substitutions therefore, all accessories, and attachments, in whole or in part. Any related software (embedded therein or otherwise), all intangibles and other rights associated with such equipment, including without limitation any licenses to use or own such equipment, any manufacturer's or other warranties with respect to such equipment, all goods; refunds, rebates, remittances, insurance and insurance proceeds, and all rights related thereto, and other property or rights to which the Lessee may be or become entitled by reason of Lessee's interest in the equipment, software or personal property.

THIS FILING IS FOR PRECAUTIONARY AND INFORMATIONAL PURPOSES ONLY. THE PARTIES CONSIDER THIS TRANSACTION TO BE A TRUE LEASE. LESSEE HAS NO RIGHT TO SELL OR PLEDGE THE EQUIPMENT AND PERSONAL PROPERTY. IT IS OWNED BY LESSOR AND LEASED TO LESSEE.

| 5. ALTERNATE DESIGNATION (if applicable) | ☒ | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR |
|---|---|---|---|---|
| | | AG. LIEN | NON-UCC FILING | SELLER/BUYER |

**6. Florida DOCUMENTARY STAMP TAX — YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX**

☐  All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☒  Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**   ERTH001 :EarthColor, Inc.

P144

**STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM**

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON

Corporation Service Company    1-800-858-5294

B. SEND ACKNOWLEDGEMENT TO:

Name        76580500 - 369420

Address     Corporation Service Company
            801 Adlai Stevenson Drive
Address     Springfield, IL 62703

City/State/Zip

FLORIDA SECURED TRANSACTION REGISTRY

**FILED**

2013 Jun 05 10:38 AM

****** 201309176416 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names**

1a. ORGANIZATION'S NAME: Media Printing Corporation

| 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| 1c. MAILING ADDRESS  4300 North Powerline Road | | CITY  Pompano Beach | STATE  FL | POSTAL CODE  33073 | COUNTRY  USA |

| 1d. TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION  Corp. | 1f. JURISDICTION OF ORGANIZATION  FL | 1g. ORGANIZATIONAL ID#  548763  ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names**

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#  ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)**

3a. ORGANIZATION'S NAME: VFI-SPV IX, Corp.

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| 3c. MAILING ADDRESS  6340 South 3000 East, Suite 400 | CITY  Salt Lake City | STATE  UT | POSTAL CODE  84121 | COUNTRY  USA |

4. This FINANCING STATEMENT covers the following collateral:

Any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Debtor has any interest and proceeds thereof.

| 5. ALTERNATE DESIGNATION (if applicable) | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR |
|---|---|---|---|
| | AG. LIEN | NON-UCC FILING | SELLER/BUYER |

6. Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☒ Florida Documentary Stamp Tax is not required.

7. OPTIONAL FILER REFERENCE DATA   ERTH001 EarthColor, Inc.

STANDARD FORM – FORM UCC-1  (REV. 12/2001)          Filing Office Copy          Approved by the Secretary of State, State of Florida

1/3/2018 4:18 PM      Oakland County Clerk      Received for Filing      FILED

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company   1-866-484-2382

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscinfo.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
79664856 - 369420
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703
                              Filed In: Florida
                              (S.O.S.)
```

FLORIDA SECURED TRANSACTION REGISTRY

# FILED
2013 Sep 10 04:11 PM
****** 201309808498 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Media Printing Corporation | | | | | |
|---|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS 4300 N Powerline Road | CITY Pompano Beach | STATE FL | POSTAL CODE 33073 | | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME VFI-SPV IX, Corp. | | | | | |
|---|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS 6340 South 3000 East, Suite 400 | CITY Salt Lake City | STATE UT | POSTAL CODE 84121 | | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
Florida Documentary Stamp Tax is not required.
This is a fixture filing covering equipment and personal property leased by Varilease Finance, Inc. as Lessor to Media Printing Corporation as Lessee pursuant to Schedule No. 01 dated May 16, 2013 to Master Lease Agreement dated May 16, 2013. The equipment as described in the attached Exhibit A is or may become a fixture to the real property described in the attached Exhibit B. The landlord/mortgagee waiver relating to the real property is attached as Exhibit C.

This financing statement is to be recorded in the real estate records of Broward County, State of Florida.

The owner of record is JJGC, LLC.

The address of the real property is 4300 North Powerline Road, Pompano Beach, FL 33073.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)   ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☑ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: ERTH001:EarthColor, Inc.

79664856

Corporation Service Company
2711 Centerville Rd. Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

**UCC FINANCING STATEMENT ADDENDUM**
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank
become Individual Debtor name did not fit, check here ☐

| 9a. ORGANIZATION'S NAME |
| Media Printing Corporation |

OR

| 9b. INDIVIDUAL'S SURNAME |
| |
| FIRST PERSONAL NAME |
| |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name;
do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME |

OR

| 10b. INDIVIDUAL'S SURNAME |
| |
| INDIVIDUAL'S FIRST PERSONAL NAME |
| |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| 11a. ORGANIZATION'S NAME |

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

THIS FILING IS FOR PRECAUTIONARY AND INFORMATIONAL PURPOSES ONLY. THE PARTIES CONSIDER
THIS TRANSACTION TO BE A TRUE LEASE. LESSEE HAS NO RIGHT TO SELL OR PLEDGE THE EQUIPMENT
AND PERSONAL PROPERTY, IT IS OWNED BY LESSOR AND LEASED TO LESSEE.

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the
REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☑ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate (described in item 16
(if Debtor does not have a record interest):

JJGC, LLC
527 West 34th Street, 4th Floor
New Yor, NY 10001

16. Description of real estate:

Per the attached Exhibit B:

Parcel A of WOODWORK PARK, according to the Plat thereof, as
recorded in Plat Book 87, at Page 22 of the Public Records of
Broward County, Florida.

17. MISCELLANEOUS:

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

EXHIBIT B

**LEGAL DESCRIPTION**

Parcel A of WOODWORK PARK, according to the Plat thereof, as recorded in Plat Book 37, at Page 22 of the Public Records of Broward County, Florida.

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

EXHIBIT A
of one (1) page

Lessee: EarthColor, Inc. and Media Printing Corporation

ML dated: May 16, 2013

Schedule No.: 01

Location: 4300 North Powerline Road, Pampano Beach, FL 33073

Vendor: Eastman Kodak Company

Invoice No.: 82420401 and 82468183                                    $   347,643.00

| Qty | Description | Serial No. | Cost per Item | Total |
|---|---|---|---|---|
| 1 | Kodak Versamark DH6240 single channel 1000 fpm printer and related components as more fully described in the Customer Agreement dated April 1, 2013 and as detailed below: | | $ | $ |
| 8 | Kodak 1000 PTHD | 22126 22127 22128 22140 22141 22142 22143 22144 | $   67,200.00 | $   537,600.00 |
| 1 | CS410 System Controller | 7825 | $   34,500.00 | $   34,500.00 |
| 1 | 1 CD132 DS #1 Move 4" | | $   20,000.00 | $   20,000.00 |
| 4 | DS #1 Move PHS 4" | | $   19,500.00 | $   78,000.00 |
| 2 | 2 Cue Sensor Kit | | $   1,200.00 | $   2,400.00 |
| 2 | Quad Tech Kit-1200 PPI Wheel Type | | $   2,500.00 | $   5,000.00 |
| 1 | IPS High Speed 4in Training | | $   2,000.00 | $   2,000.00 |
| 1 | IPS High Speed 4in Installation | | $   2,000.00 | $   2,000.00 |
| 1 | Equipment Freight Charge | | $   5,097.00 | $   5,097.00 |
| 4 | S1000 Fluid Ctlr set | 332734 332735 332736 332737 | $   0.01 | $   0.04 |
| 1 | Mist Collr 104 HD Remote | | $   7,900.00 | $   7,900.00 |
| 1 | General I/O Box | | $   3,000.00 | $   3,000.00 |
| 4 | Catch Pan Kit | | $   1,005.00 | $   4,020.00 |
| 4 | Consumables Ket-S2 PS | | $   445.00 | $   1,780.00 |
| 4 | Fluid Cltr-Com S2 Dark Gray | K5295-4827 K5295-4828 K5295-4829 K5295-4830 | $   54,300.00 | $   217,200.00 |
| 3 | Ink/Replen Fill Kit -Durm | | $   2,690.00 | $   8,070.00 |
| 1 | Discount | | $   (580,924.04) | $   (580,924.04) |

together with all additions, alterations, accessions and modifications thereto and replacements of any part thereof, and substitutions therefore, all accessories, and attachments, in whole or in part. Any related software (embedded therein or otherwise), all intangibles and other rights associated with such equipment, including without limitation any licenses to use or own such equipment, any manufacturer's or other warranties with respect to such equipment, all goods, refunds, rebates, remittances, insurance and insurance proceeds, and all rights related thereto, and other property or rights to which the Lessee may be or become entitled by reason of Lessee's interest in the equipment, software or personal property.

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

Lessor _____                 Claimant _____                 Lessee _____

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

## EXHIBIT C



**VARILEASE**

Varilease Finance, Inc.
6340 South 3000 East, Suite 400
Salt Lake City, UT 84121
www.varilease.com
tel 801.733.8100
fax 801.733.8900

### LANDLORD/MORTGAGEE WAIVER

Master Lease Agreement dated May 16, 2013 ("Master Agreement")

VARILEASE FINANCE, INC., 6340 South 3000 East, Suite 400, Salt Lake City, UT 84121 ("Lessor") has or is about to lease to EARTHCOLOR, INC., 249 Pomeroy Rd., Parsippany, NJ 07054 ("Co-Lessee") and MEDIA PRINTING CORPORATION, 4300 North Powerline Road, Pompano Beach, FL 33073 ("Co-Lessee") (Co-Lessees hereinafter referred to collectively as "Lessee") pursuant to the terms of the Master Agreement consisting of Kodak Versamark DH6240 single channel 1000 fpm printer as more fully described in the attached Exhibit A of one (1) page which by this reference becomes a part hereof ("Personal Property").

Some or all of the Personal Property may now or hereafter be located at 4300 North Powerline Road, Pompano Beach, FL 33073 (the "Premises") in which the undersigned (the "Claimant") may have an interest by virtue of a deed, lease, mortgage or other instrument.

For good and valuable consideration, Claimant hereby irrevocably and unconditionally disclaims any and all interest, lien, claim or right in and to the Personal Property whether existing now or arising in the future. Claimant agrees that the Personal Property may be affixed to the Premises and that the Personal Property is to remain personal property notwithstanding, and that title thereof shall remain at all times in Lessor. Claimant agrees not to restrain or interfere with Lessor's removal and disposition of the Personal Property for any reason, or require any bond or court order to remove the Personal Property. Claimant further agrees that upon reasonable prior notice, Lessor may enter the Premises and inspect, maintain, store, dispose and remove the Personal Property with the understanding that: (a) Lessor shall pay for the cost of any damage to the Premises caused by Lessor's storage, disposition and removal of the Personal Property; (b) Lessor shall cap at its own expense all utility connections upon removal of the Personal Property; (c) Lessor shall add Claimant as an additional insured on Lessor's general liability insurance policy to the extent of Claimant's interest in the Premises; and (d) Lessor shall remove the Personal Property within thirty (30) days after receipt of Claimant's written request. If Lessor fails to remove the Personal Property within thirty (30) days pursuant to subsection (d) of this paragraph and Lessor fails to make monthly rent/mortgage payments on behalf of Lessee as described herein, such Personal Property shall be deemed abandoned by Lessor, If Lessor elects to make monthly rent/mortgage payments on behalf of Lessee (but excluding any rent/mortgage payment or other arrearages), however, the Personal Property may remain on the Premises for up to four (4) months. Such monthly rent/mortgage payments will be equal to the then scheduled monthly rent/mortgage payment times the amount of leased space occupied by the Personal Property as a percentage of the total space of the Premises. In the event Lessor is unable to obtain or retain possession and control of the Personal Property by virtue of bankruptcy proceedings involving the Lessee, Lessor's right to use the Premises shall be extended for a reasonable period to permit Lessor to obtain or retain possession of the Personal Property (and during such period, Lessor's obligation to pay any monthly rent/mortgage payments shall be suspended). Claimant agrees to promptly provide Lessor with written notice if Claimant takes possession of the Premises.

This waiver constitutes the entire agreement between the parties, and its terms may not be modified except in writing signed by Claimant and Lessor. Each party represents it has the authority to enter into this waiver. This waiver is binding upon the assigns, representatives and successors of Claimant (including any mortgagees, sublessees and parties claiming an interest in the Premises through Claimant) and inures to the benefit of their assigns, representatives and successors of Lessor.

| LESSOR: | CLAIMANT: |
|---|---|
| VARILEASE FINANCE, INC. | JJGC, LLC. |
| By: _Sherrie Copier_ | By: _Dennis Ganzak_ |
| Name: Sherrie Copier | Name: DENNIS GANZAK |
| Title: SVP | Title: MEMBER |
|  | Date: 8/27/13 |

### LESSEE'S CONSENT

The undersigned, Lessee, hereby consents to the foregoing in its entirety, and waives any claims against Claimant and Lessor for complying with the terms of the foregoing waiver.

| CO-LESSEE: | CO-LESSEE: |
|---|---|
| EARTHCOLOR, INC. | MEDIA PRINTING CORPORATION |
| By: _Nat Madigano_ | By: _Nat Madigano_ |
| Name: NAT Madigano | Name: NAT Madigano |
| Title: VP of Finance | Title: VP of Finance |

This Waiver may be signed in two or more counterparts, each of which shall be deemed an original and all of which, together, shall constitute one and the same instrument.

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company   1-866-484-2382

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscinfo.com

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

80699347 - 369420
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703
Filed In: Florida
(S.O.S.)

FLORIDA SECURED TRANSACTION REGISTRY

**FILED**
2013 Oct 14 10:47 AM
****** 201300026756 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Media Printing Corporation | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 4300 N Powerline Road | CITY Pompano Beach | STATE FL | POSTAL CODE 33073 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME VFI-SPV VIII, Corp. | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 6340 South 3000 East, Suite 400 | CITY Salt Lake City | STATE UT | POSTAL CODE 84121 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
Florida Documentary Stamp Tax is not required.
All of the equipment, software and personal property pursuant to Schedule No. 02, as it incorporates the terms and conditions of a Master Lease Agreement between Varilease Finance, Inc. and Lessee. The equipment, software and personal property include all additions, alterations, accessions and modifications thereto and replacements of any part thereof, and substitutions therefore, all accessories, and attachments, in whole or in part. Any related software (embedded therein or otherwise), all intangibles and other rights associated with such equipment, including without limitation any licenses to use or own such equipment, any manufacturer's or other warranties with respect to such equipment, all goods, refunds, rebates, remittances, insurance and insurance proceeds, and all rights related thereto, and other property or rights to which the Lessee may be or become entitled by reason of Lessee's interest in the equipment, software or personal property.

THIS FILING IS FOR PRECAUTIONARY AND INFORMATIONAL PURPOSES ONLY.  THE PARTIES CONSIDER

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☑ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: ERTH002

*pej 36*   80699347

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| 9a. ORGANIZATION'S NAME |
|---|
| Media Printing Corporation |

OR

| 9b. INDIVIDUAL'S SURNAME |
|---|
| FIRST PERSONAL NAME: |
| ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME |
|---|

OR

| 10b. INDIVIDUAL'S SURNAME |
|---|
| INDIVIDUAL'S FIRST PERSONAL NAME |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**11.** ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| 11a. ORGANIZATION'S NAME |
|---|

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| 11c. MAILING ADDRESS | CITY | STATE POSTAL CODE | COUNTRY |

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**
THIS TRANSACTION TO BE A TRUE LEASE, LESSEE HAS NO RIGHT TO SELL OR PLEDGE THE EQUIPMENT AND PERSONAL PROPERTY, IT IS OWNED BY LESSOR AND LEASED TO LESSEE.

**13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. (if applicable)

**14. This FINANCING STATEMENT:**
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

**15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company   1-800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
SPRFiling@cscinfo.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

113508959 - 369420

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Florida
(S.O.S.)

FLORIDA SECURED TRANSACTION REGISTRY

# FILED

2016 Mar 22 10:46 AM

****** 201606923143 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Media Printing Corporation | | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4300 North Powerline Road | Pompano Beach | FL | 33073 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Varilease Finance, Inc. | | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6340 South 3000 East, Suite 400 | Salt Lake City | UT | 84121 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

Florida Documentary Stamp Tax is not required.

Schedule No. 05

THIS IS AN ASSET SPECIFIC FILING, NOT AN ALL ASSET FILING.

All of the equipment, software and personal property pursuant to a lease between Lessor and Lessee. The equipment, software and personal property include all additions, alterations, accessions and modifications thereto and replacements of any part thereof, and substitutions therefore, all accessories, and attachments, in whole or in part. Any related software (embedded therein or otherwise), all intangibles and other rights associated with such equipment, including without limitation any licenses to use or own such equipment, any manufacturer's or other warranties with respect to such equipment, all goods, refunds, rebates, remittances, insurance and insurance proceeds, and all rights related thereto, and other property or rights to which the Lessee may be or become entitled by reason of Lessee's interest in the equipment, software or personal property.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☑ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:** ERTH005

C   113508959

Corporation Service Company
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

1/3/2018 4:18 PM   Oakland County Clerk   Received for Filing   FILED

## UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank
   because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

**Media Printing Corporation**

OR

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)  | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name;
    do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)  | SUFFIX

10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME; or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

THIS FILING IS FOR PRECAUTIONARY AND INFORMATIONAL PURPOSES ONLY. THE PARTIES CONSIDER
THIS TRANSACTION TO BE A TRUE LEASE. LESSEE HAS NO RIGHT TO SELL OR PLEDGE THE EQUIPMENT
AND PERSONAL PROPERTY, IT IS OWNED BY LESSOR AND LEASED TO LESSEE.

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the
    REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
    ☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16
    (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

FILED    Received for Filing    Oakland County Clerk    1/3/2018 4:18 PM

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company   1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscinfo.com

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

114627857 - 369420
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Florida
(S.O.S.)

FLORIDA SECURED TRANSACTION REGISTRY

# FILED
2016 Apr 14 04:20 PM
***** 201607320892 *****

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Media Printing Corporation | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 4300 North Powerline Road | CITY Pompano Beach | STATE FL   POSTAL CODE 33073 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE   POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME VFI KR SPE I LLC | | | |
|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 6340 South 3000 East, Suite 400 | CITY Salt Lake City | STATE UT   POSTAL CODE 84121 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
Florida Documentary Stamp Tax is not required.
Any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Debtor has any interest and proceeds thereof.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|
| 6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility | 6b. Check only if applicable and check only one box: ☐ Agricultural Lien   ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer | ☐ Bailee/Bailor   ☐ Licensee/Licensor | |

8. OPTIONAL FILER REFERENCE DATA: ERTH005

114627857

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company    1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscinfo.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

┌ 118542585 - 369420 ┐
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703
                          Filed In: Florida
└                        (S.O.S.) ┘

FLORIDA SECURED TRANSACTION REGISTRY

**FILED**

2016 Jul 12 10:44 AM

****** 201608142297 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Media Printing Corporation | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 4300 North Powerline Road | CITY Pompano Beach | STATE FL | POSTAL CODE 33073 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME Varilease Finance, Inc. | | | |
|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 6340 South 3000 East, Suite 400 | CITY Salt Lake City | STATE UT | POSTAL CODE 84121 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
Florida Documentary Stamp Tax is not required.
Schedule No. 06
THIS IS AN ASSET SPECIFIC FILING, NOT AN ALL ASSET FILING.
All of the equipment, software and personal property pursuant to a lease between Lessor and Lessee. The equipment, software and personal property include all additions, alterations, accessions and modifications thereto and replacements of any part thereof, and substitutions therefore, all accessories, and attachments, in whole or in part. Any related software (embedded therein or otherwise), all intangibles and other rights associated with such equipment, including without limitation any licenses to use or own such equipment, any manufacturer's or other warranties with respect to such equipment, all goods, refunds, rebates, remittances, insurance and insurance proceeds, and all rights related thereto, and other property or rights to which the Lessee may be or become entitled by reason of Lessee's interest in the equipment, software or personal property.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☑ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: ERTH006

( 118542585

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

*(left margin, vertical)* FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

FILED   Received for Filing   Oakland County Clerk   1/3/2018 4:18 PM

## UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME
**Media Printing Corporation**

OR

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)                    SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)                    SUFFIX

10c. MAILING ADDRESS                    CITY                    STATE    POSTAL CODE    COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)
11a. ORGANIZATION'S NAME

OR

11b. INDIVIDUAL'S SURNAME                    FIRST PERSONAL NAME                    ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

11c. MAILING ADDRESS                    CITY                    STATE    POSTAL CODE    COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):
THIS FILING IS FOR PRECAUTIONARY AND INFORMATIONAL PURPOSES ONLY.  THE PARTIES CONSIDER THIS TRANSACTION TO BE A TRUE LEASE. LESSEE HAS NO RIGHT TO SELL OR PLEDGE THE EQUIPMENT AND PERSONAL PROPERTY. IT IS OWNED BY LESSOR AND LEASED TO LESSEE.

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808