UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VARILEASE FINANCE, INC.
and VFI KR SPE I LLC,

    Plaintiffs,

vs.                                      Case No. 18-CV-11390
                                          HON. GEORGE CARAM STEEH
EARTHCOLOR, INC., et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL
IMMEDIATE COMPLIANCE WITH LEASE (Doc. 20)**

This breach of contract action arises out of the alleged breach of a lease agreement relating to printing and printing-related equipment (the "Equipment") valued in excess of $3.5 million. Now before the court is Plaintiffs Varilease Finance Inc. ("Varilease") and VFI KR SPE I LLC's ("VFI") motion for immediate compliance with lease terms. Plaintiffs are seeking to enforce Defendants to (1) insure the Equipment pending delivery to VFI; and (2) to return the Equipment to VFI. Oral argument was heard on March 12, 2019 and informs this court's decision. For the reasons set forth below, Plaintiffs' motion shall be denied.

- 1 -

## I. Background

The factual background of this case has been summarized in the court's order denying Defendant ICS's motion for summary judgment entered this same date, and in the court's order granting the Mittera Entities motion to dismiss for lack of personal jurisdiction (Doc. 28). Accordingly, the court only sets forth an abbreviated version of the facts here.

This lawsuit arises out a Master Lease Agreement ("Lease") between Plaintiff Varilease and Defendants EarthColor Inc. ("EarthColor") and Media Printing (the "Co-Lessee Defendants") entered on May 16, 2013. According to the Lease, the Co-Lessee Defendants leased certain industrial printing and related equipment (the "Equipment") which was to be located in New Jersey and Florida and valued in excess of $3.5 million. Plaintiff Varilease is in the business of leasing equipment to lessees. In 2015, Varilease assigned the Lease to Plaintiff VFI, but remained the servicing agent for the Lease. (Doc. 16, Ex. C, D at ¶ 9).

Plaintiffs sued seventeen defendants who can be divided into three groups. First, Plaintiffs sued the original lessees of the Lease: (1) EarthColor, Inc. and (2) Media Printing Corp. Neither of these defendants has filed an appearance and is believed that are shell corporations who have ceased doing business, and that they may be judgment proof. (Doc.

20 at PgID 1179-80; Doc. 24 at PgID 1576). EarthColor and Media Printing have ceased making lease payments (Doc. 16, Ex. D at ¶ 16, PgID 815). Six of the defendants known as the "Mittera Entities," were sued as successor corporations to the original lessee EarthColor, and have been dismissed for lack of personal jurisdiction. (Doc. 28). Some of the Mittera Entities have been using the Equipment. (Doc. 24 at PgID 1556, 1563-64). Plaintiffs have now sued those Defendants in New Jersey. (Doc. 77 at PgID 2145). The remaining nine defendants, EC Holdco, EC Subco, Barton Press, Cedar Graphics, Earth Color Houston, Earth Color N.Y., Earth Thebault, EarthColor Group, and International Color Services ("ICS"), are known as the Guarantor defendants and they have been sued for breach of their Guaranties promising that the Co-Lessees would perform all of their obligations under the Lease. (First Amended Complaint, Doc. 1-4, ¶¶ 96-101 at PgID 235-56).

Of these nine defendants, only Defendant ICS has filed an appearance, and response to Plaintiffs' motion to immediate compliance of lease terms. Plaintiffs also seeks default judgment against all of the remaining defendants, including the Co-Lessees and the Guarantor Defendants, except for Defendant ICS. (Doc. 71). Once again, it is possible that all of the remaining defendants may be judgment proof. (Doc.

24 at PgID 1576). Because the Mittera Entities have been dismissed by prior order of the court, and because Plaintiffs' claims against all of the remaining Defendants besides ICS are being adjudicated as part of Plaintiffs' motion for default judgment, the court addresses Plaintiffs' motion to compel immediate compliance with lease terms as to Defendant ICS only.

## II. Analysis

Plaintiffs seek to enforce immediate compliance with the terms of the Lease. Although not so framed by Plaintiffs in their brief, it appears that they are seeking to proceed under Federal Rule of Civil Procedure 56 for the entry of summary judgment. At oral argument, Plaintiffs conceded that if the court finds genuine issues of material fact exist in ruling on ICS's motion for summary judgment, the court must likewise deny the instant motion for the same reason. For the same reasons discussed in its opinion denying ICS's motion for summary judgment entered this same date, an issue of fact exists as to whether ICS executed the Guaranty at issue here. Thus, Plaintiffs are not entitled to summary judgment.

## III. Conclusion

For the reasons stated above, Plaintiff's motion to compel immediate

compliance with lease terms (Doc. 20) is DENIED.

    IT IS SO ORDERED.

Dated: March 19, 2019

                                      s/George Caram Stpeeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 19, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---