UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VARILEASE FINANCE, INC.
and VFI KR SPE I LLC,

    Plaintiffs,

vs.                                          Case No. 18-CV-11390
                                             HON. GEORGE CARAM STEEH
EARTHCOLOR, INC. et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING
DEFENDANT INTERNATIONAL COLOR SERVICES, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT (Doc. 25)</u>**

This breach of contract action arises out of the alleged breach of a lease agreement relating to printing and printing-related equipment valued in excess of $3.5 million. Now before the court is Defendant International Color Services, Inc.'s ("Defendant" or "ICS") motion for summary judgment. Oral argument was heard on March 12, 2019 and informs this court's decision. For the reasons set forth below, Defendant's motion shall be denied.

## I. Background

This lawsuit arises out a Master Lease Agreement ("Lease") between Plaintiff Varilease Finance, Inc. ("Varilease") and Defendants Earthcolor Inc. ("Earthcolor") and Media Printing (the "Co-Lessee Defendants") entered on May 16, 2013. According to the Lease, the Co-Lessee Defendants leased certain industrial printing and related equipment (the "Equipment") which was to be located in New Jersey and Florida and valued in excess of $3.5 million. Plaintiff Varilease is in the business of leasing equipment to lessees. In 2015, Varilease assigned the Lease to Plaintiff VFI KR SPE I LLC ("VFI"), but remained the servicing agent for the Lease. (Doc. 16, Ex. C at PgID 802-11, Ex. D at ¶ 9 at PgID 814).

Plaintiffs sued seventeen defendants who can be divided into three groups. First, Plaintiffs sued the original lessees of the Master Lease Agreement: (1) EarthColor, Inc. and (2) Media Printing Corp. Neither of these defendants has filed an appearance, and it is believed that are shell corporations which have ceased doing business, and that they may be judgment proof. (Doc. 20 at PgID 1179-80; Doc. 24 at PgID 1576). EarthColor and Media Printing have ceased making lease payments (Doc. 16, Ex. D at ¶ 16 at PgID 815). Six of the defendants known as the "Mittera Entities," were sued as successor corporations to the original lessee

EarthColor, and have been dismissed for lack of personal jurisdiction. (Doc. 28). Some of the Mittera Entities have been using the equipment. (Doc. 24 at PgID 1556, 1563-64). Plaintiffs have now sued those Defendants in New Jersey. (Doc. 77 at PgID 2145). The remaining nine defendants, EC Holdco, EC Subco, Barton Press, Cedar Graphics, Earth Color Houston, Earth Color N.Y., Earth Thebault, ICS, and Earthcolor Group are known as the Guarantor defendants, and they have been sued for breach of their Guaranties promising that the co-lessees would perform all of their obligations under the Master Lease Agreement. (First Amended Complaint, Doc. 1-4, ¶¶ 96-101 at PgID 235-56). Of these nine defendants, only Defendant ICS has filed an appearance. Plaintiffs seek default judgment against all of the remaining defendants, except for Defendant ICS. (Doc. 71). Once again, it is possible that all of the remaining defendants may be judgment proof. (Doc. 24 at PgID 1576).

Plaintiffs allege that Defendant ICS executed a Guaranty signed by Dennis Ganzak, which states that he was vice-president or secretary of ICS. Indeed, a document exists which purports to be such which Defendant has attached to its motion for summary judgment. (Doc. 25-1 at PgID 1601-02). Defendant disputes that Ganzak was ICS's agent and disputes that he was the vice-president and secretary of ICS. In support of

this defense, Defendant relies on the affidavit of James J. Kearns, II, the President of ICS, who was the CEO and allegedly the sole officer of ICS before and after the Guaranty was executed. *Id.* at PgID 1596-99. Kearns avers that he was unaware of any Guaranty, that Ganzak lacked authorization to sign on behalf of ICS, and that he did not work for and was not an officer of ICS. *Id.* at ¶¶ 5-9 at PgID 1598. He also avers that ICS has no customers or facilities in Michigan, does no business in Michigan, has no property in Michigan, has not entered into any contracts for services to be performed in Michigan, and is a Delaware corporation doing business in Arizona. *Id.* at ¶¶ 14-16 at PgID 1598. Also, Defendant relies on Annual Reports filed by ICS with the Arizona Corporation Commission showing that Ganzak was not an officer of ICS for the years 2009 to 2016. *Id.* at PgID 1604-27. But the Annual Reports list Robert Kashan as an ICS director during that time period, and Kashan signed a Certificate of Incumbency on behalf of ICS, as detailed below, which indicated that Ganzak had authority to sign the Guaranty. *Id.* at PgID 1605, 1608, 1611, 1614.

The Lease and the Guaranties contain forum selection clauses calling for jurisdiction in state or federal court in Michigan. Specifically, the Lease provides that the Co-Defendant Lessees would "submit to the jurisdiction of

the State and/or federal courts in the State of Michigan in all matters relating to the Lease [and] the Equipment," and that any dispute among the parties "shall be tried by a judge alone before the federal or state courts in Oakland County, Michigan." (Doc. 72, Ex. 1 at § 19(a) at PgID 1974). Similarly, the Guaranty purporting to be signed by ICS contained a forum selection clause:

> Guarantor agrees that this Guaranty shall be governed by and construed in accordance with the laws of the State of Michigan and that jurisdiction for any dispute shall be in the Michigan state or federal courts. . . . THE PARTIES HERETO AGREE THAT IN THE EVENT OF AN ALLEGED BREACH OF THIS GUARANTY OR ANY DOCUMENTS RELATING THERETO BY EITHER PARTY, OR ANY CONTROVERSIES ARISE BETWEEN THE PARTIES RELATING TO THIS GUARANTY OR ANY DOCUMENTS RELATING THERETO, SUCH CONTROVERSIES SHALL BE TRIED BY A JUDGE ALONE BEFORE THE FEDERAL OR STATE COURTS IN OAKLAND COUNTY, MICHIGAN.

(Doc. 72, Ex. 2 Ex. B § 9 at PgID 1985).

In opposition to Defendant's motion for summary judgment, Plaintiffs have submitted (1) the affidavit of Sherrie Copier, the senior vice president at VFI, (2) a Certificate of Incumbency identifying three ICS officers, including Dennis Ganzak, with authority to execute the Guaranty, and (3) the Guaranty itself. The court summarizes these proofs below.

First, Copier's affidavit states that along with two other persons from VFI, she worked with Dana Gilbert and Nat Modugno, both of EarthColor to finalize the lease and Guaranties. (Doc. 72, Ex. 2 at ¶¶ 1-4 at PgID 1978-79). Copier understood that Modugno was EarthColor's Chief Financial Officer. *Id.* at ¶ 4 at PgID 1978. Modugno stated that ICS was wholly owned by, or a subsidiary of EarthColor, and that ICS would provide a guarantee for EarthColor and Media Printing's Lease obligations. *Id.* at ¶ 5 at PgID 1979. VFI provided Modugno with a Certificate of Incumbency and asked him to identify ICS officers with the authority to execute the Guaranty. *Id.* at ¶ 6 at PgID 1979. Modugno executed the Certificate of Incumbency stating that Robert Kashan was ICS's president, and Dennis Ganzak was ICS's vice president and secretary. *Id.* at ¶ 7 at PgID 1979. In addition to Modugno, Kashan and Ganzak both signed the Certificate of Incumbency. *Id.;* (Doc. 72, Ex. 1, Ex. A at PgID 1982).

Second, Plaintiffs rely on the Certificate of Incumbency document itself to demonstrate that Ganzak had the authority to sign the Guaranty on behalf of ICS. Indeed, the Certificate of Incumbency is signed by three purported representatives of ICS: Modugno, Kashan, and Ganzak. The ICS Certificate of Incumbency states in relevant part:

> That the execution, delivery and performance of the Guaranty dated May 16, 2013 in favor of VARILEASE

FINANCE, INC. ('Varilease') guarantying the obligations of EARTHCOLOR, INC. ("Co-Lessee') and MEDIA PRINTING CORPORATION ("Co-Lessee') (co-Lessees hereinafter referred to collectively as "Lessee") as Lessee under Master Lease Agreement dated May 16, 2013 with Varilease, as Lessor, together with all Schedules and supporting documents thereto, whether signed before, at the time of, or after the execution of Guarantor of the Guaranty has been duly authorized by the Guarantor.

(Doc. 72, Ex. 2, Ex. A at § 2 at PgID 1982). The Certificate identifies INTERNATIONAL COLOR SERVICES, INC. (ICS) by name as the Guarantor. *Id.* at § 1 at PgID 1982. The Certificate of Incumbency was signed by Kashan and Ganzak in their purported capacities as officers of ICS. Specifically, the Certificate of Incumbency provides:

> That the person(s) whose name(s) appear below are officers of the Guarantor [ICS], elected, qualified and acting in the office set forth beside their name(s) are genuine signature(s) of such officer(s) and that said person(s) continue to hold such office at this time" – Robert Kashan – President – /s/Robert Kashan; Dennis Ganzak – /s/Dennis Ganzak.

(Doc. 72, Ex. 2, Ex. A at § 4 at PgID 1982). The Certificate of Incumbency also promised:

> That this Certificate of Incumbency (this "Certificate") is in full force and effect; that the undersigned has full power, authority, and legal right to execute and deliver this certificate on behalf of Guarantor. (Doc. 72, Ex. 2, Ex. A at § 3 at PgID 1982).
>
> That Varilease and its assignees may rely upon this Certificate. (Doc. 72, Ex. 2, Ex. A at § 5 at PgID 1982).

- 7 -

Defendant has not challenged the authenticity of the Certificate of Incumbency, but only challenges Ganzak's authority as an alleged officer of ICS.

Third, in addition to Collier's affidavit and the Certificate of Incumbency, Plaintiffs rely on the Guaranty itself as proof that ICS is liable for breach of contract as a Guarantor of the Lease. The Guaranty is signed by Ganzak who identifies himself as vice-president and secretary of ICS. (Doc. 72, Ex. 2 at Ex. B at PgID 1985). The Guaranty provides that ICS is the "Guarantor" to VFI on behalf of Co-Lessees Earthcolor, Inc. and Media Printing Corporation. *Id.* at 1984. The Guaranty provides in relevant part:

> THIS GUARANTY is made and effective on May 16, 2013 by INTERNATIONAL COLOR SERVICES, INC., [ICS], a Delaware corporation . . .( the "Guarantor") to VARILEASE FINANCE, INC., a Michigan corporation, . . . on behalf of EARTHCOLOR, INC., a Delaware corporation, . . . and MEDIA PRINTING CORPORATION. (Doc. 72, Ex. 2 Ex. B at PgID 1984).
>
> Guarantor hereby represents and warrants that this Guaranty has been duly authorized and approved by all necessary corporate action. (Doc. 72, Ex. 2 Ex. B § 6 at PgID 1985).
>
> Guarantor represents and warrants to lessor that all information concerning Guarantor furnished to Lessor is true and correct in all material respects. (Doc. 72, Ex. 2 Ex. B. § 2 at PgID 1984).

Guarantor hereby absolutely, unconditionally and irrevocably guarantees Lessee will fully and promptly pay any payment of rent or other amount due under a Lease and perform all of its obligations under each Lease. (Doc. 72, Ex. 2 Ex. B. §1 at PgID 1984).

## II. Analysis

Defendant seeks summary judgment on the grounds that its agent did not sign the Guaranty, and this court lacks personal jurisdiction. A motion for lack of personal jurisdiction is not analyzed under Federal Rule of Civil Procedure 56, which governs motions for summary judgment, but lies under Federal Rule of Civil Procedure 12(b)(2). The court sets forth both the standard for summary judgment and the standard for a motion to dismiss for lack of personal jurisdiction below, beginning first with Defendant's motion to dismiss for lack of personal jurisdiction.

**A.  Personal Jurisdiction**

**1.  Standard of Law**

The burden is on the plaintiff to establish that personal jurisdiction exists. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Because the court is deciding the issue of personal jurisdiction without first holding an evidentiary hearing, the facts are construed in the light most favorable to the plaintiff, the nonmoving party. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff "need only make a

prima facie showing of jurisdiction." *Id.* (internal quotation marks and citation omitted). Where the facts proffered by the defendant conflict with those offered by the plaintiff, the court disregards the defendant's facts for purposes of ruling on the motion. *Id.* In the face of a properly supported motion for dismissal, however, the plaintiff "may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To determine whether personal jurisdiction exists over a defendant, federal courts sitting in diversity apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000).

### 2. Waiver

Plaintiffs argue that Defendant ICS waived its lack of personal jurisdiction defense by filing two answers before filing its motion for summary judgment. Under Rule 12(h)(1), a party forfeits personal jurisdiction by:

> **(A)** omitting [the defense] from a motion in the circumstances described in Rule 12(g)(2); or
>
> **(B)** failing to either:

>> **(i)** make it by motion under this rule; or
>
> **(ii)** include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

In other words, "Rule 12(h)(1)(B) ... requires a defendant to either (i) 'make' [its defense] in a pre-answer motion or (ii) simply 'include' the defense in the answer. The rule gives a defendant the option to preserve the defense in either manner, provided he has not already filed a motion under Rule 12 that did not assert the defense." *King v. Taylor*, 694 F.3d 650, 656 (6th Cir. 2012). Here, Defendant asserted lack of personal jurisdiction as an affirmative defense in both answers that it filed. (Doc. 72, Ex. 4 at PgID 2019; Ex. 6 at PgID 2063). Contrary to Plaintiffs' argument, an answer is a responsive pleading. *See* Fed. R. Civ. P. 7(a)(2). Accordingly, Defendant complied with Rule 12(h)(1) and did not waive its lack of personal jurisdiction defense on this basis.

Nevertheless, even where a party preserves the lack of personal jurisdiction defense by raising it in its answer or in its pre-answer motion, a party that technically complies with Rule 12(h) may still waive personal jurisdiction and venue defenses if the party creates a "'reasonable expectation that the defendant will defend the suit on the merits or whether the defendant has caused the court to go to some effort that would be

wasted if personal jurisdiction is later found lacking.'" *King*, 694 F.3d at 659 (citation omitted). In making this determination, the Court considers "all of the relevant circumstances." *Id.*

Plaintiffs argue that because Defendant's counsel filed an appearance, Defendant has consented to personal jurisdiction. In support of this argument, Plaintiffs rely on *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011), where the Sixth Circuit held that defendants waived their personal jurisdiction defense because defendants had filed a general appearance nearly three years before filing the jurisdictional motion to dismiss. *Id.* at 518-19. Although the court focused on the appearance as the basis for finding the defense waived, the Sixth Circuit also emphasized the extent of defendants' involvement in the proceedings for the three years it had litigated the matter prior to filing its motion to dismiss which included, participating in a case management conference with the court, filing a motion for an extension of time to file discovery responses, serving Rule 26 discovery responses, filing a motion to enforce a settlement agreement, filing a motion to stay litigation pending arbitration, filing a motion to vacate a default judgment previously entered against defendants, filing an opposition motion to plaintiff's motion for mediation, and participating in a pre-trial conference with the court. *Id.*

Although there is no bright line rule for determining when a defendant has waived the lack of personal jurisdiction defense, the court considers all of the relevant circumstances. *Boulger v. Woods*, 306 F. Supp. 3d 985, 996 (S.D. Ohio 2018), *aff'd*, No. 18-3170/3220, 2019 WL 944834, __ F.3d __ (6th Cir. Feb. 27, 2019). Some of the factors the court considers are whether the defendant raised the defense in its answer, how long the defendant waited before filing its motion to dismiss under Rule 12(b)(2), and whether the defendant's conduct indicated submission to personal jurisdiction through its pretrial litigation activity – including the filing of counterclaims, its participation in discovery and hearings with the court, and whether the case was set for trial. *HTC Sweden AB v. Innovatech Prod. & Equip. Co.*, No. 3:07-CV-232, 2010 WL 2163122, at *4 (E.D. Tenn. May 27, 2010).

In this case, in addition to filing its appearance, Defendant's counsel appeared at the hearing of the Mittera Defendants' motion to dismiss for lack of personal jurisdiction held on July 26, 2018, (Doc. 24 at PgID 1553) and Defendant filed a motion for summary judgment at the same time that it seeks dismissal for lack of personal jurisdiction; thus, seeking to defend this matter on the merits. In addition, ICS filed a response to Plaintiffs' motion for default judgment. (Doc. 77). On the other hand, no discovery

has taken place, there has been no scheduling conference, and this matter is only eight months old. Under these circumstances, the question is a close one. In reaching its conclusion here, the court is mindful that the Sixth Circuit has stressed that because the lack of personal jurisdiction defense involves "the fairness of requiring a defendant to appear and defend in a distant forum," *King*, 694 F.3d at 659, the court construes forfeiture of such a defense narrowly. Accordingly, the court finds that Defendant has not forfeited the lack of personal jurisdiction defense.

### 3. Plaintiffs have made a Prima Facie Showing that Defendant Consented to Jurisdiction in Michigan

The court now considers Defendant's motion to dismiss for lack of personal jurisdiction on the merits, and concludes that Plaintiffs have made a prima facie showing of jurisdiction. Here, Plaintiffs do not rely on ICS's contacts with the forum state, but relies on the forum selection clause in the Guaranty.

The Supreme Court has stated that in light of present-day commercial realities, a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972). Indeed, Defendant admits that if ICS had signed the Guaranty, that "might have subjected ICS to jurisdiction in Michigan." (Doc. 25 at PgID 1593). In determining the validity of a

particular forum selection clause, the court must consider the following factors: "(1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Shell v. R.W. Sturge, Ltd.,* 55 F.3d 1227, 1229 (6th Cir. 1995).

Under all three factors, Plaintiffs have made a prima facie showing that the forum selection clause is enforceable and that personal jurisdiction exists. First, there is no question that the Guaranty is a commercial contract. Nothing suggests that the Guaranty was not the result of an arms-length transaction between two sophisticated corporations. Second, there has been no allegation that there has been any fraud or overreaching. Although ICS argues that Ganzak lacked the authority to execute the Guaranty, Plaintiffs have established at least a material issue of fact that he did based on Copier's affidavit, the Certificate of Incumbency, and the Guaranty itself which all indicate that Ganzak was vice president and secretary of ICS when he signed the Guaranty. Finally, the court considers whether there is any reason that enforcement of the

forum selection clause would be unreasonable or unjust. Defendant has not met its burden to do so. Michigan is a reasonably convenient forum inasmuch as VFI is a Michigan corporation, its employees and agents will be made available for all proceedings in Michigan, and the Guaranty contains a choice-of-law provision requiring the application of Michigan law. (Doc. 72, Ex. 2, Ex. B at § 9 at PgID 1985). Although litigating in Michigan may be inconvenient for ICS, a finding of unjust or unreasonable enforcement under the third prong of the test "must be based on more than mere inconvenience of the party seeking to avoid the clause." *Wong v. PartyGaming Ltd.,* 589 F.3d 821, 829 (6th Cir. 2009) (citation omitted).

Thus, there has been no showing that enforcing the forum selection clause arguably agreed to by the parties would be unfair or unjust. At this preliminary stage of the proceedings, where the court has relied on the parties' proofs without the benefit of an evidentiary hearing, and considering the proofs in the light most favorable to Plaintiffs, the court concludes that Plaintiffs have made a prima facia showing that personal jurisdiction exists over ICS. Accordingly, ICS's motion to dismiss for lack of personal jurisdiction shall be denied.

## B. Summary Judgment

The court now turns to ICS's motion for summary judgment. First, the court sets forth the standard of law governing such motion below. Second, the court considers the conflicting proofs and finds that a genuine issue of material fact exists as to whether ICS is liable for the Lease because it allegedly executed a Guaranty to same.

### 1. Summary Judgment Standard

Rule 56(c) empowers a court to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc) (citing Fed. R. Civ. P. 56(c)). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving

party. *Anderson*, 477 U.S. at 248, 252. There must instead be evidence from which a jury could reasonably find for the non-movant. *McLean v. 988011, Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000) (citing *Anderson*, 477 U.S. at 252). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### 2. Discussion

Count II of the First Amended Complaint alleges that ICS, and the other Guarantor defendants, breached their obligations under the Lease as promised in their Guarantees. (Doc. 1-4 at PgID 235-56). The Guaranty purported to be executed by ICS, promises that ICS will "absolutely, unconditionally, and irrevocably guarantee [] Lessee will . . . perform all of its obligations under each Lease." *Id.* at ¶ 98 at PgID 235. The Guaranty at issue here identifies ICS as the Guarantor, and is signed by Ganzak, in his alleged capacity as ICS's vice-president and secretary. (Doc. 72, Ex. 2 Ex. B. at PgID 1985).

As set forth in the Background section of this opinion, *supra* pages 2-9, given Copier's affidavit, the Certificate of Incumbency, and the Guaranty itself, Plaintiffs have easily raised a genuine issue of material fact that ICS

is liable under the Guaranty and Defendant's motion for summary judgment must be denied.

Defendant relies on *Chires v. Cumulus Broadcasting, LLC*, 543 F. Supp. 2d 712, 717 (E.D. Mich. 2008) for the proposition that Plaintiffs bear the burden of proof to prove the existence of a contract, and must focus on the conduct of the principal, and cannot rely solely on acts of the agent, to do so. While Defendant is correct that Plaintiffs must show the existence of a contract, Plaintiffs have come forward with sufficient proofs to meet their burden here in the form of a contract (the Guaranty) purporting to be signed by one of the Defendant's vice-presidents. "Actual authority of an agent may be implied from the circumstances surrounding the transaction at issue. These circumstances must show that the principal actually intended the agent to possess the authority to enter into the transaction on behalf of the principal." *Yolton v. El Paso Tennessee Pipeline Co.*, 668 F. Supp. 2d 1023, 1035–36 (E.D. Mich. 2009) (citing *Hertz Corp. v. Volvo Truck Corp.*, 210 Mich. App. 243, 246 (1995)). Kearns' affidavit, combined with ICS Annual Reports, the only proofs Defendant relies upon, are wholly insufficient to overcome the strong evidence submitted by Plaintiffs, which show that a genuine issue of material fact exists as to whether ICS can be bound by the Guaranty which purports to be executed in its name.

## III. Conclusion

For the reasons stated above, Defendant's motion for summary Judgment or to dismiss for lack of personal jurisdiction (Doc. 25) is DENIED.

IT IS SO ORDERED.

Dated: March 19, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 19, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk