UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VARILEASE FINANCE, INC.
and VFI KR SPE I LLC,

    Plaintiffs,

vs.                                      Case No. 18-CV-11390
                                          HON. GEORGE CARAM STEEH
EARTHCOLOR, INC. et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. 71)**

Now before the court is Plaintiffs Varilease Finance, Inc. and VFI KR SPE I LLC's motion for default judgment. Because of the risk of inconsistent judgments if the court enters default judgment now as to fewer than all of the remaining defendants, Plaintiffs' motion shall be denied without prejudice.

**I. Background**

On January 15, 2019, a clerk's entry of default was entered against ten defendants, the Co-Lessee defendants: EarthColor Inc. and Media Printing Corporation who executed the Master Lease Agreement, and eight

- 1 -

Guarantor defendants: (1) EC Holdco, (2) EC Subco, Inc., (3) Barton Press, Inc., (4) Cedar Graphics, Inc., (5) Earth Color Houston, Inc., (6) Earth Color New York, Inc., (7) Earth Thebault, Inc., and (8) EarthColor Group, LLC, (collectively "EarthColor Entities") who all executed Guaranties promising to guarantee that the Lessee defendants would perform under the Master Lease Agreement. (Doc. 50-59). In the First Amended Complaint ("FAC"), Plaintiffs sought $2,546,098.26 in damages as the Stipulated Loss Value ("SLV") of the equipment, plus additional interest, costs, taxes, and attorneys' fees. The Master Lease Agreement provides that in the case of default, the Lessee, among other things, shall pay Plaintiff VFI "as liquidated damages for loss of bargain and not as penalty, an amount equal to the Stipulated Loss Value for the Equipment . . . together with interest." (Doc. 71-3 at PgID 1842). The SLV is defined as follows: "The Stipulated Loss Value will start at 110% of Lessor's original equipment cost and decline by 1.25% per month during the Base Term." *Id.* at 1840.

In their motion for default judgment, Plaintiffs seek $2,326,625.51 as the SLV, and interest as of January 21, 2019 is $320,252.67. Plaintiffs also seek $187,373.75 in attorneys' fees. These amounts are supported by an affidavit of Valerie Macris who is General Counsel at Varilease (Doc. 81 at

PgID 2234-35); however, the claim for attorneys' fees is not supported by time records.

## II. Standard of Law

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party whose default has been entered by the clerk. Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The mere determination of the defendant's liability does not, however, automatically entitle the plaintiff to default judgment. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (internal quotation marks and citations omitted). The decision to grant default judgment falls within the Court's discretion. 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (3d ed.). In determining whether to enter judgment by default,

courts often consider the following factors:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Id.* (footnotes omitted). Although the court may conduct an evidentiary hearing to determine damages, such a hearing is not a prerequisite to the entry of a default judgment if a detailed affidavit allows a decision on the record. *See Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC*, No. 2:11-cv-377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011).

### III. Analysis

None of the Defendants for whom a clerk's entry of default has entered have responded to Plaintiffs' motion for default judgment. But Defendant International Color Services, Inc. ("ICS"), another Guarantor defendant, has filed a response. Plaintiffs have not sought default judgment against ICS.

The risk of inconsistent judgments as between ICS and the defaulted Defendants suggests that the court should delay entry of default judgment.

Defendant relies on the seminal case of *Frow v. De La Vega*, 82 U.S. 552 (1872), where the Supreme Court first addressed default judgments in the context of multi-defendant lawsuits. In *Frow*, the complaint alleged a conspiracy by Frow and twelve others to defraud the plaintiff of title to a tract of land. Frow did not appear and the court granted default judgment against him. After the other defendants prevailed on the merits, Frow petitioned that the court vacate the judgment entered against him on the grounds it was inconsistent with the judgment on the merits against the other defendants. The Supreme Court held that it was improper for the lower court to have entered default judgment, and that the proper course in a multiple defendant case where joint liability is alleged, is to delay entry of final judgment until the case has been resolved as to all defendants. *Id.* at 554.

Plaintiffs argue that the holding of *Frow* should not apply here because liability in this case is alleged to be joint and several, as opposed to joint, and as such, there is no risk of inconsistent judgments. See *Michigan Basic Prop. Ins. Ass'n v. Rosemond*, No. 208146, 2000 WL 33403015, *6 (Mich. App. Oct. 31, 2000). Plaintiffs also rely on *Nautilis Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-09 (E.D. Mich. 2005) for the proposition that *Frow* does not apply where joint and

several liability, as opposed to purely joint liability, exists. But *Nautilis* does not support Plaintiffs' position here. In that case, the district court cited with approval 10A Charles Alan Wright et al., Federal Practice and Procedure § 2690 (3d ed.1998) which provides:

> Thus, "[a]s a general rule then, where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."

*Id.* The court further noted that while some courts have refused to apply *Frow* where liability is joint and several, "the *Frow* rule will apply 'in situations in which several defendants have closely related defenses.'" *Id* (quoting Wright et al., *supra,* at § 2690). Although the theory of liability here is joint and several, it still appears to be a case in which the Guarantor defendants have closely related defenses, namely whether the liquidated damages provision is enforceable.

Some courts have applied the *Frow* rule to situations where the theory was not just joint liability, but one of joint and several liability as well. *See Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 435 (E.D. Va. 2006) (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967)). In *Jefferson*, the court explained the operative inquiry is not merely whether the theory is joint versus joint and several liability, but

whether there is a possibility of inconsistent judgments from the answering defendants' success on the merits and the other defendant's default. *Id.* at 434. Similarly, in *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1006-07 (N.D. Cal. 2001), the court explained whether the *Frow* rule should apply depends not on technical labels of liability, but whether the liability of the defendants must be uniform under the theory of the complaint:

> *Frow*'s applicability turns not on labels such as "joint liability" or "joint and several liability," but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform. Where *Frow* applies, it would be an abuse of discretion to enter a default judgment against some but not all defendants prior to adjudication of the claims against answering defendants. Under these circumstances, there is, as a matter of law, "just reason for delay" of entry of judgment under Rule 54(b).

*Id.* at 1008 (internal citations and footnote omitted).

### A. The Co-Lessee Defendants

Based on the above precedent, to determine whether it is proper to enter default judgment now, the court must ask whether there is a risk of inconsistent judgments between the defaulted Defendants and the only remaining Defendant, ICS. As to the Co-Lessee Defendants, EarthColor Inc. and Media Printing Corporation, there is a difference in the allegations of the Complaint between the Co-Lessee Defendants and ICS. The Co-

whether there is a possibility of inconsistent judgments from the answering defendants' success on the merits and the other defendant's default. *Id.* at 434. Similarly, in *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1006-07 (N.D. Cal. 2001), the court explained whether the *Frow* rule should apply depends not on technical labels of liability, but whether the liability of the defendants must be uniform under the theory of the complaint:

> *Frow*'s applicability turns not on labels such as "joint liability" or "joint and several liability," but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform. Where *Frow* applies, it would be an abuse of discretion to enter a default judgment against some but not all defendants prior to adjudication of the claims against answering defendants. Under these circumstances, there is, as a matter of law, "just reason for delay" of entry of judgment under Rule 54(b).

*Id.* at 1008 (internal citations and footnote omitted).

### A. The Co-Lessee Defendants

Based on the above precedent, to determine whether it is proper to enter default judgment now, the court must ask whether there is a risk of inconsistent judgments between the defaulted Defendants and the only remaining Defendant, ICS. As to the Co-Lessee Defendants, EarthColor Inc. and Media Printing Corporation, there is a difference in the allegations of the Complaint between the Co-Lessee Defendants and ICS. The Co-

whether there is a possibility of inconsistent judgments from the answering defendants' success on the merits and the other defendant's default. *Id.* at 434. Similarly, in *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1006-07 (N.D. Cal. 2001), the court explained whether the *Frow* rule should apply depends not on technical labels of liability, but whether the liability of the defendants must be uniform under the theory of the complaint:

> *Frow*'s applicability turns not on labels such as "joint liability" or "joint and several liability," but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform. Where *Frow* applies, it would be an abuse of discretion to enter a default judgment against some but not all defendants prior to adjudication of the claims against answering defendants. Under these circumstances, there is, as a matter of law, "just reason for delay" of entry of judgment under Rule 54(b).

*Id.* at 1008 (internal citations and footnote omitted).

### A. The Co-Lessee Defendants

Based on the above precedent, to determine whether it is proper to enter default judgment now, the court must ask whether there is a risk of inconsistent judgments between the defaulted Defendants and the only remaining Defendant, ICS. As to the Co-Lessee Defendants, EarthColor Inc. and Media Printing Corporation, there is a difference in the allegations of the Complaint between the Co-Lessee Defendants and ICS. The Co-

Lessee Defendants have been sued for breach of the Master Lease Agreement (FAC, Count I at ¶¶ 86-95, Count VII at ¶¶ 124-26, Counts VIII and IX at ¶¶ 127-36), whereas ICS has been sued for breach of its Guaranty. (FAC, Count II at ¶¶ 96-101). Despite this difference, there still is a risk of inconsistent judgments as the liquidated damages provision at issue under the Guaranties is defined in the Master Lease Agreement. As such, if the court were to enter default judgment now against the Co-Lessee Defendants, if ICS later prevailed on its claim that the liquidated damages provision is an unenforceable penalty, the judgments would conflict. Thus, it is appropriate to delay entry of default judgment until the claims against ICS are resolved.

### B. The Guarantor Defendants

Similarly, there is a risk of inconsistent judgments if the court enters default judgment against the Guarantor Defendants, the EarthColor Entities. This is so because Plaintiffs allege the same theory of liability against ICS and the other Guarantor defendants. (FAC, Count II, ¶¶ 96-101). If the court were to rule in ICS's favor on the question of whether the liquidated damages provision is an unenforceable penalty, this ruling would be at odds with judgment against the other Guarantor defendants. Thus, it is appropriate for the court to defer final judgment against the defaulting

Guarantor Defendants (the EarthColor Entities) at this time, and find that there is "just reason for delay" under Rule 54(b). In reaching its conclusion here, the court reaches no decision about the merits of ICS's defenses.

## IV. Conclusion

Based on the risk of inconsistent judgments, Plaintiffs' motion for default judgment (Doc. 71) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: March 19, 2019

                                 s/George Caram Steeh
                                 GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 19, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk